[Crim. No. 30946. Second Dist., Div. Four. Oct. 27, 1978.]

In re LEONARD M., a Person Coming Under the Juvenile Court Law.
KENNETH F. FARE, as Acting Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
LEONARD M., Defendant and Appellant.

██

**COUNSEL**

Eliot B. Feldman for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Gary R. Hahn, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

KINGSLEY, J.—A minor appeals from an order finding him to be a person within the meaning of section 602 of the Welfare and Institutions Code and directing a suitable placement for him. We affirm the order.

The order is based on a finding that the minor, a 16-year-old boy, had committed a lewd act on a 5-year-old neighbor girl. On this appeal he contends: (1) that the evidence does not support the finding; and (2) that he was denied the effective assistance of counsel because his trial attorney did not seek a psychiatric examination of the child. We reject both contentions.

I

██ The young girl testified quite positively that the minor had invited her into his home, where he was alone, and there committed an act of intercourse with her. That testimony, accepted by the trial court, was sufficient to sustain the finding.

II

However, the evidence was otherwise weak. The girl was not examined by a physician until some hours after she had complained to her mother. The examination disclosed no bleeding, an unruptured hymen, and no

indication of semen, but did show a slight redness of the vagina—a fact possibly explainable by intervening events. The medical evidence was that it was medically impossible for penetration of the extent to which the girl testified to have occurred without rupture of the hymen. Psychiatric testimony on behalf of the minor was to the effect that the alleged conduct was inconsistent with his character. In short, the case against the minor rested entirely on the oral testimony of the young girl.

In *People v. Lang* (1974) 11 Cal.3d 134 [113 Cal.Rptr. 9, 520 P.2d 393], dealing with a case involving several factual similarities, the Supreme Court said, in footnote 3 on page 140: "[Citation.] Such an examination would seem a minimum protection for a defendant charged with molesting a child, and only the rarest of cases would excuse counsel from obtaining one. As the trial judge indicated in this case, shortly before finding defendant guilty, 'I don't know how bright these girls [the twins] are. I don't know what their capacity for fantasy is.' The results of a psychiatric examination of the twins might easily have tipped the balance in this close case in favor of defendant, whose strongest defense was that the twins lied about him." That statement was quoted with approval by the Chief Justice in her dissent in *People v. Thomas* (1978) 20 Cal.3d 457, at page 472 [143 Cal.Rptr. 215, 573 P.2d 433].

■ Based on that language, and on the weakness of the case against defendant, resting as it does on the testimony of the young girl, the minor here contends that the failure of his trial counsel to seek a psychiatric examination of the girl evidenced incompetency that deprived him of a fair trial.

We reject that contention. *Lang* did not hold that every failure to seek a psychiatric examination of an alleged victim in child abuse cases is, as a matter of law, an incompetent representation. Its holding went no further than to require *appellate* counsel to raise that matter on appeal—a duty ably performed by the appellate counsel in this case. However, as the Supreme Court pointed out in *People v. Jenkins* (1975) 13 Cal.3d 749, at pages 754-755 [119 Cal.Rptr. 705, 532 P.2d 857], quoting from *People v. Garrison* (1966) 246 Cal.App.2d 343, 350-351 [54 Cal.Rptr. 731]: ■ ". . . However, in the absence of affirmatively showing that counsel acquiesced through ignorance of the facts or the law, defendants are not entitled to relief. 'The failure of counsel to object at the trial does not ordinarily indicate either incompetence of counsel or unfairness to the client. The system of objections is a useful tool in the hands of a trained professional for the exclusion of matter which should not be

received into evidence. But the indiscriminate use of objections, solely because they are available, aids neither the client nor the cause of justice. The choice of when to object and when to allow the evidence to come in as offered is inherently a matter of trial tactics. Ordinarily the tactical decisions of trial counsel will not be reviewed with the hindsight of an appellate court. [Citations.] The decisions which counsel must make in the courtroom will necessarily depend in part upon what he then knows about the case, including what his own client has told him. There may be considerations not shown by the record, which could never be communicated to the reviewing court as a basis for its decision. Thus, the appellate court's inability to understand why counsel did as he did cannot be a basis for inferring that he was wrong.' "

██ Since a psychiatric examination of a witness is open to use by both sides (*People* v. *Blakesley* (1972) 26 Cal.App.3d 723, 729 [102 Cal.Rptr. 885]), it is a two-edged sword. Nothing in the record before us indicates that trial counsel was ignorant of his right to seek a psychiatric examination; nothing in that record tells us what investigation he may have made of the ability of the girl to testify honestly and accurately. Since nothing in the record shows that the failure here complained of was not a reasoned tactical decision, we cannot hold that trial counsel was incompetent to the degree that he had reduced the hearing to a "farce or a sham," or withdrew a viable defense.

The order appealed from is affirmed.

Files, P. J., concurred.

**JEFFERSON (Bernard), J.**—I dissent.

The majority finds no merit in either of the two contentions asserted by the minor on this appeal. I do. The minor's contentions are (1) that the evidence is insufficient to support the finding that the minor committed a violation of section 288 of the Penal Code, and (2) that the minor was denied his constitutional right to effective assistance of counsel at his trial.

I

*Insufficiency of the Evidence*

In this case before us the victim, a five-year-old neighbor girl, testified that the minor, a sixteen-year-old boy, had actual sexual intercourse with

her—not simply the commission of a lewd act. The majority concludes that since this testimony was accepted by the trial court, it ends all consideration of the issue of whether the evidence was sufficient. *Automatically,* it was sufficient to sustain the finding.

It is with deep reluctance that I must agree that our appellate courts have held that the testimony of a child complaining witness in a child molestation case, even though uncorroborated, and no matter how lacking in indicia of reliability and trustworthiness, nevertheless is sufficient to support an adult's conviction or a juvenile court's corresponding finding. It has become established law that it is the function of an appellate court "in reviewing a criminal conviction on appeal to determine whether the record contains any substantial evidence tending to support the finding of the trier of fact, and in considering this question we [the appellate court] must view this evidence in the light most favorable to the finding. [Citation.] The test is not whether guilt is established beyond a reasonable doubt. [Citations.]" (*In re Roderick P.* (1972) 7 Cal.3d 801, 808 [103 Cal.Rptr. 425, 500 P.2d 1].) This same principle of appellate review is applicable to juvenile court proceedings. (*In re Roderick P., supra,* 7 Cal.3d 801, 809.) In my view, the test on appellate review ought to be whether guilt is established beyond a reasonable doubt.

But instead of the test being whether guilt is established beyond a reasonable doubt, the appellate court makes a determination of whether a *reasonable* trier of fact *could* have found that the prosecution had established the defendant's guilt beyond a reasonable doubt. However, " ' "in determining whether the record is sufficient in this respect the appellate court can give credit only to 'substantial' evidence, i.e., evidence that reasonably inspires confidence and is 'of solid value.' " ' " (*In re Roderick P., supra,* 7 Cal.3d 801, 809.)

Herein lie the seeds that so easily may sprout injustice to a defendant or minor charged with the commission of a child molestation offense. What constitutes "substantial" evidence—evidence that is supposed to reasonably inspire confidence? What is evidence of "solid value"? There is no doubt that the decisional law has sanctioned the view that a child complaining witness' testimony, though suspect and permeated with indicia of untrustworthiness and unreliability, constitutes "substantial" evidence that reasonably inspires confidence and is of "solid value," simply and solely because a trial judge chose to believe such testimony. Although I deplore and detest the offense of child molestation, I cannot

agree with the principle of appellate review that permits a trial judge to convert such untrustworthy and unreliable testimony into "substantial" evidence when such evidence cannot possibly reasonably inspire confidence and is totally lacking in "solid value."

In my judgment, the victim's testimony in the case at bench does not constitute "substantial" evidence. It is not "evidence that reasonably inspires confidence and is of solid value." It is of significance that the majority points out and admits that the prosecution's evidence was weak in that the medical evidence established that it was medically impossible for the minor to have had sexual intercourse with the victim as described by her in her testimony. She still had an unruptured hymen after this alleged incident, and there was no indication of any bleeding or semen present. In addition, the five-year-old victim's testimony was rampant with discrepancies and inconsistencies.

For the appellate courts to cling to a rule of appellate review that permits this kind of testimony to amount to " ' " 'substantial' evidence, i.e., evidence that reasonably inspires confidence and is 'of solid value' " ' " (*In re Roderick P., supra,* 7 Cal.3d 801, 809) constitutes a perpetuation of injustice to a defendant convicted upon such testimony or to a minor declared to be a ward of the juvenile court as the result of such testimony. In my view the appellate courts should no longer follow the rule that, irrespective of its established lack of credibility and trustworthiness, the testimony of a complaining child witness in a child molestation case is deemed sufficient to sustain a finding of guilt on the part of an adult or a finding of a violation of the pertinent criminal code section by a minor in a juvenile court proceeding.

In making a determination of whether the testimony of a child complaining witness in a sex molestation case has within it the requisite indicia of reliability to preclude an appellate court from finding that it fails to satisfy the test of "substantial evidence"—evidence that is capable of inspiring confidence and is of solid value—there should be no distinction between such testimony as direct evidence and evidence that is circumstantial evidence or hearsay evidence that is admitted under some exception to the hearsay rule. I thus fail to see how the direct evidence in the form of the testimony of the child complaining witness in the case at bench is any more reliable under the circumstances presented than the evidence of the prior unsworn, out-of-court statements given by an apparent accomplice and repudiated, but which becomes admissible under the exception to the hearsay rule for prior inconsistent statements

found in *In re Eugene M.* (1976) 55 Cal.App.3d 650 [127 Cal.Rptr. 851]. The proof in the *Eugene M.* case was found to be " 'so fraught with uncertainty as to preclude a confident determination of guilt beyond a reasonable doubt.' " (*Id.,* at p. 659.) The prosecution's evidence in *Eugene M.* thus failed "to meet the necessary standard that it inspire confidence and be of solid value." (*Ibid.*) As in *Eugene M.,* the prosecution's evidence in the case at bench comes within the principle that "[e]vidence which merely raises a strong suspicion of the defendant's guilt is not sufficient to support a conviction. Suspicion is not evidence; it merely raises a possibility, and this is not a sufficient basis for an inference of fact." (*People* v. *Redmond* (1969) 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321].)

## II

### *The Constitutional Inadequacy of the Minor's Trial Counsel*

The minor's contention that he was denied his constitutional right of effective assistance of trial counsel is predicated on the fact that his trial counsel failed to make a *Ballard* motion to have the trial court appoint a psychiatrist to conduct a psychiatric examination of the child complaining witness. (See *Ballard* v. *Superior Court* (1966) 64 Cal.2d 159 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416].) The majority holds that there is nothing in the record before us to lead to a conclusion other than that the failure of defendant's trial counsel to seek a psychiatric examination of the child complaining witness was anything other than a "reasoned tactical decision." I consider this view of the majority to be erroneous, untenable and a misapplication of the rules of law pertaining to what constitutes ineffective assistance of trial counsel to deprive a criminal defendant of his constitutional rights.

The majority recognizes that the seminal case of *Ballard* held that trial judges possessed a discretion to order a psychiatric examination of complaining witnesses in sexual offense cases in order to provide defendants with evidence to attack the credibility of such witnesses. Since the *Ballard* court talks about the discretionary power of the trial court to order a psychiatric examination of a complaining witness, the majority seems to assume that had the minor's attorney sought a psychiatric examination of the five-year-old complaining witness, the trial judge could have exercised a valid discretion and denied the request. It is my view that because of the crucial posture of the issue involved—the

credibility of this five-year-old complaining witness contrasted with the credibility of the minor and his defense witnesses, it would have been a gross abuse of discretion for the trial court to have denied a motion made by defense counsel for such a psychiatric examination.

As pointed out by the *Ballard* court, "Professor Wigmore, in a widely quoted passage, stated, 'No judge should ever let a sex-offense charge go to the jury unless the female complainant's social history and mental makeup have been examined and testified to by a qualified physician.' (3 Wigmore, Evidence, *supra,* 460, italics omitted.) [¶] This concern is stimulated by the possibility that a believable complaining witness, who suffers from an emotional condition inducing her belief that she has been subjected to a sexual offense, may charge some male with that offense. *Thus, the testimony of a sympathy-arousing child may lead to the conviction of an unattractive defendant, subjecting him to a lengthy prison term."* (Italics added.) (*Ballard, supra,* 64 Cal.2d 159, 172.)

In *People* v. *Lang* (1974) 11 Cal.3d 134, 140, footnote 3 [113 Cal.Rptr. 9, 520 P.2d 393], the court expounded upon its views set forth in *Ballard* by stating: "Such an examination would seem a minimum protection for a defendant charged with molesting a child, *and only the rarest of cases would excuse counsel from obtaining one."* (Italics added.) That a psychiatric examination of an alleged child victim who testifies to a molestation by a defendant is of acute importance and significance is emphasized in *People* v. *Thomas* (1978) 20 Cal.3d 457, 472 [143 Cal.Rptr. 215, 573 P.2d 433], in which it was stated: "While this court in *Ballard* specifically refrained from requiring such an examination in every type of sexual offense case, it later explained that a *Ballard*-type examination '. . . would seem a minimum protection for a defendant *charged with molesting a child,* and only the rarest of cases would excuse counsel from obtaining one.' [Citation.]" (Conc. opn.) (Italics in original.)

The rules with respect to what constitutes a constitutional inadequacy of trial counsel appear to be fairly well established. As we stated in *In re Julius B.* (1977) 68 Cal.App.3d 395, 402 [137 Cal.Rptr. 341], "[t]he trial must, because of counsel's inadequacy, have been reduced to a 'farce or a sham.' (*People* v. *Ibarra* (1963) 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487]; *People* v. *Reeves* (1966) 64 Cal.2d 766 [51 Cal.Rptr. 691, 415 P.2d 35].) An *errorless* trial is not the standard (*In re Saunders, supra,* 2 Cal.3d 1033, at p. 1041 [88 Cal.Rptr. 633, 472 P.2d 921]), and an unfortunate choice of trial strategy has been held, on occasion, not to constitute the type of inadequacy necessitating reversal. As *People* v.

*Floyd* (1970) 1 Cal.3d 694, 709 [83 Cal.Rptr. 608, 464 P.2d 64] so cogently stated: 'It is not sufficient to allege merely that the attorney's tactics were poor, or that the case might have been handled more effectively. [Citations.] [¶] Rather, the defendant must affirmatively show that the omissions of defense counsel involved a critical issue, and that the omissions *cannot be explained on the basis of any knowledgeable choice of tactics.' . . .*" (Italics in original.)

In the case at bench the minor's defense, presented through a number of witnesses including the minor's own testimony, was a complete denial of having committed the offense. The defense was substantially an alibi. In this situation the credibility of the five-year-old complaining witness, as contrasted with the credibility of the minor and other defense witnesses, became the crucial determination for the guilt or innocence of the minor. Under these circumstances, a failure by the minor's trial counsel to seek a psychiatric examination of the five-year-old complaining witness which might cast doubt on the credibility of her testimony and thus support the credibility of the minor and his defense witnesses, constitutes a withdrawal of a crucial defense just as effectively as if no testimony at all had been introduced by defense counsel in an effort to prove the minor's denial defense.

We stated in *People v. Rodriguez* (1977) 73 Cal.App.3d 1023, 1031-1032 [141 Cal.Rptr. 118]: "There is no magic formula for applying the rule that inadequate representation must reduce the trial to a farce or a sham before it amounts to a constitutionally inadequate representation. There is no logical distinction between the situation of counsel's inadequate preparation that results in the introduction of *no* testimony on a crucial defense and counsel's inadequate preparation that results in a failure to consider and introduce *corroborating* evidence needed to make a crucial defense, such as an alibi, substantial and effective. A defendant's trial is reduced to a farce or sham in the latter situation with equal effectiveness as in the former situation." (Italics in original.)

Apparently the majority takes the view that if the minor is to establish inadequacy of trial counsel he must prove that a psychiatric examination of the five-year-old complaining witness *would* have been such as to cast doubt upon her credibility beyond any question. In my view this is a misinterpretation of the requirement of *People v. Ibarra* (1963) 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487]. I do not read *Ibarra* as holding that the *adjudication* of a defense of which a defendant has been deprived by the failure of counsel would result inexorably in the defendant's acquittal.

"It is the failure to have an appropriate *adjudication* of a defense that reduces the trial to a 'farce or a sham,' and which thus renders a defendant's trial fundamentally unfair—in violation of the constitutional due process rights guaranteed to a defendant." (*Rodriguez, supra*, 73 Cal.App.3d 1023, 1028.)

Thus, in *In re Saunders* (1970) 2 Cal.3d 1033 [88 Cal.Rptr. 633, 472 P.2d 921], defense counsel in a murder case undertook no serious efforts to obtain available medical records of defendant which reflected defendant's past diagnosis and treatment for head injuries and made no effort to have defendant examined by a psychiatrist. Defense counsel decided not to present the defense of diminished capacity. In holding that defense counsel's omissions constituted ineffective assistance of counsel, the court remarked: "We cannot say, of course, what such further inquiry might have revealed. Indeed, if counsel had sought to obtain other available records and had undertaken to have petitioner examined by a psychiatrist he might well have properly concluded on the basis of information so obtained to withhold any defense based upon petitioner's mental condition at the time of the offense. On the other hand, such investigation might have produced evidence upon the basis of which counsel would have wished to present a defense. By failing to make any effort at all to follow the lead afforded by information in his possession counsel precluded himself from making a rational decision on the question." (*In re Saunders, supra*, 2 Cal.3d 1033, 1049.)

It is my view that the record in the case at bench demonstrates unquestionably that the failure of the minor's trial counsel to seek a court-ordered psychiatric examination of the five-year-old complaining witness was *not* the result of any unfortunate choice of trial strategy. This omission of the minor's trial counsel simply " '*cannot be explained on the basis of any knowledgeable choice of tactics.*'" (*Julius B., supra*, 68 Cal.App.3d 395, 402.) (Italics in original.)

The record reveals that the minor's trial counsel sought to elicit evidence of the five-year-old complaining witness' tendency to falsify and her capacity and propensity for fantasy through cross-examination of the mother of the complaining witness. This shows that defense counsel was not completely unaware of the possibility of using the factor of a complaining witness' emotional and mental condition as a means of attacking her credibility as a witness, and, hence, that his omission to seek a psychiatric examination of the complaining witness cannot be considered a knowledgeable choice of trial tactics.

Finally, I allude to one other matter that amply demonstrates that defense counsel's omission to seek a court-ordered psychiatric examination of the five-year-old complaining witness cannot logically be attributed to a choice of trial tactics. I refer to the trial court's comment on defense counsel's performance in the case at bench. During the disposition hearing the juvenile court judge stated on the record: "and, furthermore, very candidly I got the distinct impression throughout the trial, Mr. [defense counsel], that you were not overly experienced in criminal and juvenile matters, . . ."

It seems to me that our high court's view in *People* v. *Lang, supra,* demonstrates, with inexorable logic and compulsion, that defense counsel in the case at bench should have sought a psychiatric examination of the five-year-old complaining witness if he was to give the minor the effective assistance of trial counsel which is constitutionally required. When the court in *Lang* made the statement that "[s]uch an examination [a psychiatric examination of the complaining witness] would seem a *minimum* protection for a defendant charged with molesting a child, and only the rarest of cases would excuse counsel from obtaining one" (*Lang, supra,* 11 Cal.3d 134, 140, fn. 3) (italics added), I see no basis for a conclusion that, in the case before us, a psychiatric examination of the complaining witness was *not* needed as a minimum protection for the minor who was charged with child molestation. Nor do I see how the instant case can be classified as falling within the exception of being one of those rare cases which would excuse defense counsel from seeking to obtain such a psychiatric examination.

On the contrary, the record before us is such that the conclusion is inescapable that if there exists *any* case in which a psychiatric examination of the child complaining witness is required in order to provide a defendant or a minor in a juvenile court proceeding with a crucial defense, it is the case at bench. I would thus hold that the minor before us has been deprived of his constitutional right to effective assistance of trial counsel.

III

*Disposition*

Since, in my view, the evidence was insufficient to sustain the juvenile court's finding that the minor had committed a violation of Penal Code section 288, I would reverse the orders of the juvenile court with

instructions to dismiss the petition. A second trial would be in violation of the minor's constitutional right against double jeopardy.

In *Burks* v. *United States* (1978) 437 U.S. 1 [57 L.Ed.2d 1, 98 S.Ct. 2141], our nation's highest court declared that if a reviewing court reverses a defendant's conviction on the ground of insufficiency of the evidence to sustain the conviction, the double jeopardy clause of the United States Constitution precludes a retrial.

In *Burks,* the court remarked: "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. This is central to the objective of the prohibition against successive trials. The Clause does not allow 'the State . . . to make repeated attempts to convict an individual for an alleged offense,' since 'the constitutional prohibition against "double jeopardy" was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense.' [Citations.]" *(Burks, supra,* 437 U.S. 1, 11 [57 L.Ed.2d 1, 9-10]; fn. omitted.)

The *Burks* court also made this significant comment: "We recognize that under the terms of the remand in this case the District Court might very well conclude, after 'a balancing of the equities,' that a second trial should not be held. Nonetheless, where the Double Jeopardy Clause is applicable, its sweep is absolute. There are no 'equities' to be balanced, for the Clause has declared a constitutional policy, based on grounds which are not open to judicial examination." *(Id.,* at p. 11, fn. 6 [57 L.Ed.2d at p. 9].)

Appellant's petition for a hearing by the Supreme Court was denied January 3, 1979. Newman, J., was of the opinion that the petition should be granted.