[Crim. No. 37621. Second Dist., Div. Two. Feb. 3, 1981.]

In re JAMES P., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JAMES P., Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Robert Scarlett, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Ellen Birnbaum Kehr, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BEACH, J.**—The juvenile court declared James P., a 15-year-old minor, a ward of the court (Welf. & Inst. Code, § 602) after finding that the minor had contributed to the delinquency of a minor (Pen. Code, § 272), necessarily included in the offense of committing a lewd and lascivious act upon a child under the age of 14 (Pen. Code, § 288), which was the offense alleged in the petition. The court ordered appellant placed home on probation, with permission for placement with an aunt.

The minor appeals, claiming that because he himself is a minor, he falls within the class sought to be protected under Penal Code section

272 and therefore should not have been "found ... guilty" under that section. We affirm.

FACTS:

One night in late July or early August 1979, while 10-year-old Yamina was staying with appellant's mother (Yamina's aunt), 15-year-old appellant came into Yamina's bedroom and put some cream on her. Appellant then lay on top of Yamina and she felt his penis. Appellant did not hurt her. Yamina told her mother about the incident.

DISCUSSION:

■ A juvenile court judge or referee may sustain a petition seeking to have a minor declared a ward of the court upon a finding that "the minor committed an offense included within that charged in the petition." (*In re Arthur N.* (1976) 16 Cal.3d 226, 233 [127 Cal.Rptr. 641, 545 P.2d 1345].) The offense of contributing to the delinquency of a minor (Pen. Code, § 272) is necessarily included in the offense of committing a lewd act upon a child (Pen. Code, § 288). (*People v. Harvath* (1969) 1 Cal.App.3d 521, 524 [82 Cal.Rptr. 48].) Appellant's actions clearly came within the language of Penal Code section 272. He contends, however, that the Legislature intended Penal Code section 272 to apply only to adults and therefore he, being a minor, does not fall within the statute. In support of his argument, appellant points to his inability to find in the annotated Penal Code any case involving a violation of section 272 by a minor. He also relies upon certain language in a report released in 1961 by the Governor's Special Study Commission on Juvenile Justice which, among other recommendations, proposed transferring the offense of contributing to the delinquency of the minor, which was then covered by Welfare and Institutions Code section 702, to the Penal Code because it essentially was "a misdemeanor committed by adults."

■ Parenthetically, we note that throughout his brief, appellant refers to his "conviction" and his having been "found guilty." These terms are ordinarily used only in the context of adult criminal proceedings[1] whose purpose differs fundamentally from that of juvenile court pro-

---

[1]Adjudications of juvenile wrongdoing are not "criminal convictions." (*Leroy T. v. Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 434, 439 [115 Cal.Rptr. 761, 525 P.2d 665].)

ceedings. The latter are in the nature of guardianship proceedings and concerned primarily with the welfare of the minor. (*Leroy T. v. Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 434, 439 [115 Cal.Rptr. 761, 525 P.2d 665]; *In re Ricardo M.* (1975) 52 Cal.App.3d 744, 748-749 [125 Cal.Rptr. 291].) "The protective goal of the juvenile proceeding is that 'the child [shall] not become a criminal in later years, but a useful member of society.'" (*In re Ricardo M., supra,* 52 Cal. App.3d 744, 749.) ■ Though the disposition of a minor whose acts constitute a violation of the criminal law may well include confinement (e.g. camp, juvenile home, or Youth Authority), such a confinement is intended to rehabilitate rather than to punish. (*In re Aline D.* (1975) 14 Cal.3d 557, 567 [121 Cal.Rptr. 816, 536 P.2d 65]; *In re Darryl T.* (1978) 81 Cal.App.3d 874, 882 [146 Cal.Rptr. 771].)

Welfare and Institutions Code section 602 provides that any person under the age of 18 who violates "any law of this state" is "within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court." Penal Code section 272, the statute applied to the minor at bench, provides that "[e]very person" who commits an act which causes or encourages any person under the age of 18 years to become delinquent is guilty of a misdemeanor. ■ A statute free from ambiguity and uncertainty needs no interpretation. (*People v. Flores* (1979) 92 Cal.App.3d 461 472 [154 Cal.Rptr. 851]); *People v. Van Alstyne* (1975) 46 Cal.App.3d 900, 912 [121 Cal.Rptr. 363].) Interpretation of a statute is for the purpose of ascertaining the legislative will. When this is clear, interpretation is not permitted. (*People v. Flores, supra,* at p. 472.) The term "[e]very person," as used in Penal Code section 272, is all-inclusive. It includes everyone, irrespective of whether the person is an adult or a minor. (*In re Gladys R.* (1970) 1 Cal.3d 855, 867 [83 Cal.Rptr. 671, 464 P.2d 127].) The term is specific, free from ambiguity, and therefore not subject to any construction other than a literal one.

As Penal Code section 272 was enacted primarily to protect children from those influences which would tend to cause them to become involved in idle or immoral conduct (*People v. Deibert* (1953) 117 Cal. App.2d 410, 415-416 [256 P.2d 355]; *People v. Calkins* (1941) 48 Cal. App.2d 33, 36 [119 P.2d 142]), it would be incongruous to claim, as appellant does, that the statute applies solely to adult violators. Under appellant's theory, a young child, such as 10-year-old Yamina here, would not receive the protection of the statute simply because the viola-

tor happened to be a minor, in this case appellant, who was but 2 weeks short of his 16th birthday when he committed the acts against Yamina. That the act is usually committed by adults against children and is made criminal for the protection of children and requires a minor as victim is immaterial. It does not mean that the act cannot be performed by a minor.

We conclude the juvenile court acted properly in finding that appellant's acts fell within the conduct proscribed by Penal Code section 272, namely, contributing to the delinquency of a minor, which is necessarily included in the offense of committing a lewd act upon a child, which was the offense charged in the petition. In so doing and in ordering appellant placed home on probation, the juvenile court accomplished two things. It not only imposed upon the minor responsibility for his actions but at the same time preserved "family ties which are the best of all possible means" of bringing the minor to productive adulthood. (*In re Ricardo M., supra*, 52 Cal.App.3d 744, 749.)

The order appealed from is affirmed.

Roth, P. J., and Compton, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 16, 1981.