[Nos. F010395, F010462. Fifth Dist. Apr. 21, 1989.]

In re JOHN L., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOHN L., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II and III.

COUNSEL

E. F. Cash-Dudley for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Raymond L. Brosterhous II and Alison Elle Aleman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FRANSON, P. J.—The juvenile court declared John L. a ward of the court (Welf. & Inst. Code, § 602) after finding that he had committed lewd and lascivious acts upon a child under the age of 14 (Pen. Code, § 288, subd. (a)).[1] John, 15 years old, and a neighbor girl, who was 11 and 12 years old at the time, engaged in voluntary consensual sexual activity on at least 3 occasions. John was released to the custody of his parents under terms of probation which included a 90-day commitment to juvenile hall with 60 days suspended.

The primary issue on appeal is whether a minor age 14 or older violates section 288, subdivision (a) when he engages in sexual conduct with a willing partner who is under 14 years of age. We answer in the affirmative.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

*Facts*

B., whose birthday is June 25, 1974, met appellant, a friend of her older brother P., when she was in the fifth or sixth grade. Appellant, whose birthday is February 23, 1971, was two years ahead of her in school.

At some time during the first six months of 1986, while B. was eleven years old and in the sixth grade, appellant, B. and P. were playing in an inoperable car in B.'s garage. B. and appellant climbed into the back seat and engaged in various sex acts. B. testified at first she participated willingly because she wanted appellant to be her friend. However, while they were having intercourse, B. asked appellant to stop.

During the summer of 1986, B., P., appellant and T., a girlfriend of B.'s, were swimming at night in B.'s swimming pool. B. and appellant orally copulated each other. During this time, P. and T. engaged in similar activity in the pool. B. agreed to the activity because she "really liked" appellant and "would do anything" to have his friendship.

Later in 1986, appellant spent the night with P. He and P. were in P.'s room reading a pornographic magazine. B. came in and sat beside appellant. She orally copulated appellant because he told her to and she wanted to be his friend.

Appellant testified he did not know B.'s age but knew she was two grades behind him in school. He had never had physical contact with girls until he met B. He considered B. his girlfriend.

I. *Sexual contact between minors, where one is over 14 and one is under 14, is within the purview of section 288, subdivision (a).*

Section 288, subdivision (a) provides: "Any person who shall willfully and lewdly commit any lewd or lascivious act . . . upon or with the body . . . of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of the child, shall be guilty of a felony . . . ."

John contends the section is directed at protecting children from pedophiles, sexual deviates and callous opportunists. Since he engaged in a mutual voluntary sexual relationship with a minor of similar age, he does not fall within the target class of offenders.

While there is no case law expressly on point, related case law is instructive. Appellant's argument is similar to one made in *In re James P.* (1981)

115 Cal.App.3d 681 [171 Cal.Rptr. 466], where appellant argued the Legislature intended section 272[2] to apply only to adults. The court disagreed and stated the term "every person" as used in section 272 is all-inclusive. It includes everyone, irrespective of whether the person is an adult or a minor. That an act is usually committed by adults against children, is made criminal for the protection of children, and requires a minor as a victim, does not mean that the act cannot be performed by a minor. (*Id.* at pp. 685-686.) Since the section 272 term "every person" was specific and free from ambiguity, it was not subject to any construction other than a literal one. (*Id.* at p. 685.)

In *Planned Parenthood Affiliates* v. *Van de Kamp* (1986) 181 Cal.App.3d 245 [226 Cal.Rptr. 361], the court considered whether sexual activity between minors less than 14 years of age constituted child abuse under the Child Abuse and Neglect Reporting Act (§ 11164 et seq.). The court concluded that voluntary sexual conduct between minors under 14 years of age is not encompassed by section 288. However, the court added ". . . We thus do not decide the question of whether the reporting law applies to the de facto voluntary conduct of a minor under 14 whose partner *is* subject to criminal liability under section 288: *the minor over 14* or the adult. . . . [S]ection 288 proscribes sexual conduct with a minor under 14 regardless of whether that minor is sexually sophisticated or his or her conduct is voluntary. . . ." (*Id.* at p. 276, fn. 14, first italics original, second italics added.)

*People* v. *Stockton Pregnancy Control Medical Clinic, Inc.* (1988) 203 Cal.App.3d 225 [249 Cal.Rptr. 762] applied *Planned Parenthood* to another reporting law challenge disagreeing with that opinion to the extent it suggests in dictum that the Child Abuse and Neglect Reporting Act does not require the reporting of conduct constituting a reasonable suspicion of a violation of section 288, subdivision (a) by a person 14 or older. (*People* v. *Stockton Pregnancy Control Medical Clinic, Inc., supra,* at pp. 233-234.) The court noted the Legislature had amended the reporting statute after the opinion in *Planned Parenthood* became final. The amended statute (§ 11165.1, subd. (a)) defines as a "sexual assault" conduct in violation of section 288, subdivision (a). In enacting that section, the Legislature was presumed to know that section 288, subdivision (a) has been applied to offender minors over age 14 who have committed lewd acts with minors under age 14. (See *In re Leonard M.* (1978) 85 Cal.App.3d 887 [149 Cal.Rptr. 791] [actor 16, victim 5]; *In re J.D. W.B.* (1970) 8 Cal.App.3d 103 [87 Cal.Rptr. 178] [actor 15, victim 5]; and *In re James P., supra,* 115

---

[2] "Every person who commits any act . . . which . . . causes or tends to cause or encourage any person under the age of 18 years to come within the provisions of Section 300, 601, or 602 of the Welfare and Institutions Code . . . is guilty of a misdemeanor . . . ."

Cal.App.3d 681 [actor 15, victim 10].) (*People* v. *Stockton Pregnancy Control Medical Clinic, Inc., supra,* at p. 234.)

Appellant correctly points out those cases did not involve consensual sexual acts as between a boyfriend and girlfriend nor were the victim and perpetrator as close in age as they were in this case. However, according to the plain language of the statute "every person" who engages in sexual acts with a person under 14 years of age violates section 288, subdivision (a). ■ Moreover, a good faith reasonable belief that the victim was 14 years or over is not a defense (*People* v. *Olsen* (1984) 36 Cal.3d 638, 647 [205 Cal.Rptr. 492, 685 P.2d 52]), nor is the young minor's consent. (*People* v. *Cicero* (1984) 157 Cal.App.3d 465, 482 [204 Cal.Rptr. 582].) Thus, one who commits a lewd and lascivious act with a partner not yet 14 years old does so at his or her own peril. (*Planned Parenthood Affiliates* v. *Van de Kamp, supra,* 181 Cal.App.3d at pp. 274, 280, fn. 16.) Whether the age of 14 remains the appropriate line of demarcation is for the Legislature to determine. (*Id.* at p. 276, fn. 14.) And, if the Legislature wishes to exempt voluntary sexual conduct of like-aged minors from the ambit of section 288, subdivision (a), it may amend the statute to say so.

■ Accordingly, we hold that consensual sexual contact between minors where one is over 14 years and one is under 14 years of age is within the ambit of section 288, subdivision (a).

II-III*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The judgment is affirmed.

Baxter, J., and Brown (G. A.), J.,† concurred.

---

* See footnote, *ante,* page 1137.

† Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.