[No. F011876. Fifth Dist. May 9, 1990.]

In re BILLIE Y., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent v.
BILLIE Y., Defendant and Appellant.

[Opinion certified for partial publication.*]

* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

COUNSEL

Rodger Paul Curnow, under appointment by the Court of Appeal, for Defendant and Appellant.

John Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Michael Weinberger and Roger E. Venturi, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FRANSON, P. J.—

## STATEMENT OF THE CASE

A juvenile court petition was filed under Welfare and Institutions Code section 602 alleging that appellant had committed a lewd and lascivious act upon a child under the age of 14 years in violation of Penal Code section 288, subdivision (a).[1] Appellant was 13 years old at the time of the alleged offense.

Following a contested jurisdictional hearing, the court found beyond a reasonable doubt that appellant understood the difference between right and wrong in relation to the offense and found the allegation to be true. Appellant was placed on probation subject to several special conditions, including that he participate in a counseling program.

## STATEMENT OF FACTS

Mrs. L. testified that at around 5:30 p.m. on June 22, 1988, her 13-year-old son Billy M. ran into the house from the backyard where he and her 6-year-old son Jeremy L. had been playing. Billy told Mrs. L. that appellant was on top of Jeremy and was rubbing him improperly. Mrs. L. went outside and found Jeremy. By that time appellant had gone.

Jeremy had grass and weeds all over his clothing. Jeremy told Mrs. L. that his "privates" hurt. Jeremy's penis was red and he had bruises between his legs.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

Billy M. testified that appellant pushed Jeremy to the ground and then touched Jeremy's "privates" through his clothing. Billy stated that appellant told Jeremy not to tell anyone or he would hit him.

Jeremy testified that appellant first punched him in the eye. Appellant then got on top of Jeremy and rubbed his "privates" against Jeremy's "privates." Appellant told Jeremy not to tell anyone and left for a baseball game.

Appellant testified that the above events did not occur. He was at baseball practice when the incident was supposed to have happened.

A year before this incident, appellant had touched Jeremy in a similar manner. Mrs. L. talked to appellant's father at that time and told him she would take matters into her own hands if appellant ever touched Jeremy again. Appellant acknowledged that he and his father had discussed this prior incident. Appellant stated his father told him he could get into trouble for touching little boys on their private parts.

While in seventh grade, appellant took sex education classes. Also, beginning when appellant was 10 or 11 years old, appellant's father talked to appellant about what was appropriate and what was inappropriate sexual conduct. Appellant knew he was not to force himself upon somebody else in a sexual way. In the opinion of a school psychologist who had examined appellant's records, appellant knew that what he did to Jeremy was wrong.

## DISCUSSION

I. *A child under the age of 14 can be held accountable for a violation of section 288, subdivision (a).*

Appellant contends section 288, subdivision (a) cannot be legally applied against a child who is under the age of 14. That section provides: "Any person who shall willfully and lewdly commit any lewd or lascivious act . . . upon or with the body . . . of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of the child, shall be guilty of a felony . . . ."

■ Before a child under the age of 14 can be declared a ward of the juvenile court (Welf. & Inst. Code, § 602), the child must appreciate the wrongfulness of his or her conduct. (*In re Cindy E.* (1978) 83 Cal.App.3d 393, 398 [147 Cal.Rptr. 812].) Section 26, subdivision One, provides that children under the age of 14 are incapable of committing crimes "in the

absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness." ██ Thus, section 26 creates a rebuttable presumption of incapacity. This presumption may be overcome only by proof beyond a reasonable doubt that at the time he committed the act charged, the child knew its wrongfulness. (*In re Francisco N.* (1986) 186 Cal.App.3d 175, 178 [230 Cal.Rptr. 475].)

The trial court found beyond a reasonable doubt that appellant "had the capacity to know right from wrong in the commission of the crime." The record contains sufficient evidence to support this finding. Most importantly, appellant had committed a similar act on the same victim a year before and had been told by his father that such conduct was wrong. Further, appellant told the victim not to tell anyone what had happened, indicating appellant was aware that what he had done was wrong. (Cf. *In re Richard T.* (1985) 175 Cal.App.3d 248, 254 [220 Cal.Rptr. 573].) Finally, when the incident occurred, appellant was only two months away from his fourteenth birthday. The child's age is a basic and important consideration, and it is only reasonable to expect that generally the older a child gets and the closer he or she is to the age of 14, the more likely it is that the child appreciates the wrongfulness of his or her acts. (*In re Cindy E., supra,* 83 Cal.App.3d 393, 399.)

██ Appellant contends that, even if the juvenile court finds beyond a reasonable doubt that a child under 14 knew the wrongfulness of the act, section 288, subdivision (a) cannot apply as a matter of law. Appellant correctly points out that there has not been a reported California decision authorizing the application of section 288, subdivision (a) against a child under 14. Noting that section 288, subdivision (a) simply proscribes *any* lewd or lascivious act, without regard to consent, upon a child under age 14, appellant argues that it makes no sense to apply the statute against those whom it is designed to protect. However, it has been held that other statutes which were enacted to protect children can be applied against minors who are members of the protected class.

In *In re Gladys R.* (1970) 1 Cal.3d 855 [83 Cal.Rptr. 671, 464 P.2d 127], the court held that a juvenile, in this case a 12-year-old girl, could be declared a ward of the court for violating section 647a, annoying or molesting a minor. In reaching this conclusion, the court recognized that section 647a applies only to offenders who are motivated by an unnatural or abnormal sexual interest or intent. (*Id.* at p. 867.) Nevertheless, the court did not find it legally impossible for a 12-year-old child to commit the offense.

In *In re James P.* (1981) 115 Cal.App.3d 681 [171 Cal.Rptr. 466], the court held that a minor could be declared a ward of the court for violating

section 272, contributing to the delinquency of a minor. There, a 15-year-old boy sexually assaulted a 10-year-old girl and was found to have violated section 272, an offense necessarily included in section 288, subdivision (a), the offense charged in the petition. The minor argued that he could not be "found guilty" of violating section 272 because he was a member of the class sought to be protected under that section. In rejecting this argument, the court noted that under this theory, a young child would not receive the protection of the statute simply because the violator happened to be a minor. (*Id.* at pp. 685-686.) "That the act is usually committed by adults against children and is made criminal for the protection of children and requires a minor as victim is immaterial. It does not mean that the act cannot be performed by a minor." (*Id.* at p. 686.)

Similarly, here, an act constituting a violation of section 288, subdivision (a) could be performed by a child under 14. However, as noted above, the juvenile court would not even reach this issue until the presumption that the minor was incapable of committing the crime had been overcome. Once a finding of capacity is made, the age of the violator alone does not deny the victim the protection of the statute.

Appellant relies on language in *Planned Parenthood Affiliates* v. *Van de Kamp* (1986) 181 Cal.App.3d 245 [226 Cal.Rptr. 361] to support the proposition that a child under 14 cannot be legally responsible for a violation of section 288, subdivision (a). The issue before the court in *Planned Parenthood* was whether the Child Abuse and Neglect Reporting Act (§ 11164 et seq.) "requires a professional, who has no knowledge or suspicion of actual abuse, to nevertheless report a minor as a child abuse victim solely because the minor is under the age of 14 and has indicated that he or she engages in voluntary, consensual sexual activity with another minor of similar age." (*Id.* at p. 255.) In holding that the law imposes no such requirement, the court concluded: "Under a strict legal analysis, a 13-year-old can generally only be a victim of section 288, not a perpetrator. If the law regards both hypothetical 13-year-olds as sexually naive, which of them is the 'abused' and which the 'abuser'? Who has the necessary criminal intent to sexually exploit one of tender years? It is illogical to apply in a bright line fashion section 288 to the voluntary sexual conduct among minors who happen to fall under the age mandating protection from exploitive adults." (*Planned Parenthood Affiliates* v. *Van de Kamp, supra,* 181 Cal.App.3d 245, 275.)

Extending this reasoning, appellant contends it makes no sense to apply section 288, subdivision (a) to any child under 14. However, the focus of the *Planned Parenthood* court's discussion was voluntary sexual conduct between minors under age 14, both of whom are of a similar age. Here, the victim did not consent to the act, and there was a seven-year age difference

between appellant and the victim. Further, the *Planned Parenthood* court also stated: "We can conceive of a hypothetical, sexually sophisticated 13-year-old who abuses a much younger child with the requisite criminal intent to exploit his or her sexual naivete. Under these circumstances, section 26 may well invoke section 288 notwithstanding our foregoing analysis. . . ." (181 Cal.App.3d at p. 276, fn. 14.)

Additionally, the wording of the statute does not preclude applying it against a child under 14. "[A]ccording to the plain language of the statute 'every person' who engages in sexual acts with a person under 14 years of age violates section 288, subdivision (a)." (*In re John L.* (1989) 209 Cal.App.3d 1137, 1141 [257 Cal.Rptr. 682].) Although the victim must be under 14, there is no minimum age specified for the offender. While the Legislature has recognized that persons under 14 are in need of special protection (*People v. Olsen* (1984) 36 Cal.3d 638, 647 [205 Cal.Rptr. 492, 685 P.2d 52]), section 26 affords this protection to those persons under 14 who are accused of committing a crime, including a violation of section 288, subdivision (a).

II. *The evidence was sufficient to prove appellant possessed the specific intent required to violate section 288, subdivision (a).**

. . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Best, J., and Thaxter, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 25, 1990.

---

*See footnote, *ante,* page 127.