14 Cal.App.4th 1627 (1993)
18 Cal. Rptr.2d 442
In re DONALD R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
DONALD R., Defendant and Appellant.
Docket No. D017009.
Court of Appeals of California, Fourth District, Division One.
April 16, 1993.
*1628 COUNSEL
John K. Russell, under appointment by the Court of Appeal, for Defendant and Appellant.
Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and David Delgado-Rucci, Deputy Attorney General, for Plaintiff and Respondent.
OPINION
TODD, J. 

FACTS
A petition was filed under Welfare and Institutions Code sections 602 and 777 to declare Donald R. (Donald) a ward of the court. The petition alleged that Donald committed lewd and lascivious acts upon a child under the age of 14 with force (Pen. Code,[1] § 288, subd. (b)) and committed lewd and lascivious acts upon a child under the age of 14 (§ 288, subd. (a)).
Donald waived the right to remain silent, and the right to subpoena and cross-examine witnesses. The parties stipulated to the following: On May 7, 1992, the victim, J, was 11 years old, and Donald was 16 years old. On May 7, 1992, both J and Donald engaged in an act of sexual intercourse with the specific intent to arouse. The People could not prove beyond a reasonable *1629 doubt Donald knew J was under the age of 14. And, J could reasonably appear to someone to be 14 years old or older.
A medical report received into evidence stated that J was 5 feet 6 inches tall, weighed 178 pounds, and began menstruation at age 10. J was described as being a "full-developed girl." The court stated that J was "not a small girl," and "could pass for being over 13." The deputy district attorney also acknowledged that "it's fair to say there could be a reasonable doubt that she was under the age of 14. She could easily be mistaken for someone over 14."
After an adjudication hearing, the court made a true finding on count two, section 288, subdivision (a). The court also found the Welfare and Institutions Code section 777 language to be true. Count one was dismissed.
Donald appeals, contending the court improperly rejected his mistake-of-fact defense. Donald contends that a reasonable, good faith belief that the victim is 14 years old or older should be a defense available to a minor in a section 288 charge. We disagree and, accordingly, affirm.

DISCUSSION
(1) The sole issue on appeal is whether a reasonable, good faith mistake of fact as to the age of a victim should be a defense available to a minor in a section 288, subdivision (a), charge. We answer in the negative and affirm.
A good faith, reasonable belief that the victim was 14 years or over is not a defense to a section 288 charge. (People v. Olsen (1984) 36 Cal.3d 638, 647 [205 Cal. Rptr. 492, 685 P.2d 52].) Although a mistake-of-age defense has been allowed with respect to a charge of unlawful sexual intercourse[2] (People v. Hernandez (1964) 61 Cal.2d 529 [39 Cal. Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092]), the courts of this state have consistently declined to recognize such a defense in the context of a section 288, subdivision (a), violation. (Olsen, supra, 36 Cal.3d at p. 647; People v. Gutierrez (1978) 80 Cal. App.3d 829, 833-836 [75 Cal. Rptr. 819]; People v. Toliver (1969) 270 Cal. App.2d 492, 494-496 [145 Cal. Rptr. 823]; People v. Tober (1966) 241 Cal. App.2d 66, 72-73 [50 Cal. Rptr. 228].)
Appellant contends that the rule in Hernandez should be extended to situations where a minor is charged with violating section 288, subdivision *1630 (a). We disagree. The Hernandez court made clear that the mistake-of-fact defense recognized in that case did not apply where the female is obviously of tender years: "Our departure ... is in no manner indicative of a withdrawal from the sound policy that it is in the public interest to protect the sexually naive female from exploitation." (Hernandez, supra, 61 Cal.2d 529, 536.)
Furthermore, minors are held accountable for section 288 violations as are adults. The conduct complained of in this case falls within that proscribed by the plain language of section 288, subdivision (a). The prohibitions of section 288, subdivision (a),[3] apply to "every person" who engages in sexual acts with a person under 14 years of age, regardless of the age of the offender. (In re John L. (1989) 209 Cal. App.3d 1137, 1141 [257 Cal. Rptr. 682].)
John L. involved a 15-year-old minor who engaged in voluntary sexual activity on at least 3 occasions with a neighborhood girl who was 11 and 12 years old at the time. The issue on appeal in John L. was whether a minor age 14 or older violates section 288, subdivision (a), when he engages in sexual conduct with a willing partner who is under 14 years of age. (John L., supra, 209 Cal. App.3d 1137, 1138.)
The court rejected John's argument that he did not fall within the target class of offenders since he engaged in a voluntary sexual relationship with a minor of similar age, whereas section 288 was directed at protecting children from pedophiles and sexual deviates. (John L., supra, 209 Cal. App.3d at p. 1139.)
The court concluded that, based on the plain language of section 288, "consensual sexual contact between minors where one is over 14 years and one is under 14 years of age is within the ambit of section 288, subdivision (a)." (John L., supra, 209 Cal. App.3d at p. 1141; see also Planned Parenthood Affiliates v. Van de Kamp (1986) 181 Cal. App.3d 245, 276, fn. 14, 280, fn. 16 [226 Cal. Rptr. 361].)
The John L. court acknowledged that a minor over the age of 14 who engages in sexual conduct with a minor less than 14 does so at his or her own peril. (See John L., supra, 209 Cal. App.3d 1137, 1141, citing Planned Parenthood Affiliates v. Van de Kamp supra, 181 Cal. App.3d 245, 274, 280, fn. 16.)
*1631 Finally, the legislative policy behind section 288, subdivision (a), would not be furthered by allowing a minor to raise mistake of age as a defense. Section 288 was enacted for the protection of children and infants; persons who commit lewd and lascivious acts against such individuals act at their peril. (Olsen, supra, 36 Cal.3d 638, 645.) "There exists a strong public policy to protect children of tender years ... [and] section 288 was enacted for that very purpose." (Id. at p. 646.) Although Hernandez allowed mistake of age to be raised as a defense to a charge of unlawful sexual intercourse, "`the philosophy applying to violations of [section 288] is entirely different from that applying to [unlawful sexual intercourse].'" (Olsen, supra, 36 Cal.3d at p. 645, quoting People v. Toliver, supra, 270 Cal. App.2d 492, 495.) Hernandez recognized that, whereas consent may be considered an element of statutory rape, violation of section 288 does not involve consent of any kind. (Hernandez, supra, 61 Cal.2d 529, 531; accord Olsen, supra, 36 Cal.3d at p. 645.)
Appellant correctly points out that, in all cases where a minor has been found to have violated section 288, the age disparity has been greater. (In re J.D.W.B. (1970) 8 Cal. App.3d 103 [87 Cal. Rptr. 178] (minor 15, victim 5); In re Leonard M. (1978) 85 Cal. App.3d 887 [149 Cal. Rptr. 791], judgment vacated by Leonard M. v. California (1979) 443 U.S. 914 [61 L.Ed.2d 878, 99 S.Ct. 3105] (minor 16, victim 5); In re James P. (1981) 115 Cal. App.3d 681 [171 Cal. Rptr. 466] (minor 15, victim 10); In re Billie Y. (1990) 220 Cal. App.3d 127 [269 Cal. Rptr. 212] (minor 13, victim 6); In re Paul C. (1990) 221 Cal. App.3d 43 [270 Cal. Rptr. 369] (minor 13, victim 9).) Appellant contends that a minor should be allowed a mistake-of-age defense where the minor has an honest and reasonable belief that the minor victim is the same or similar age. Appellant further contends that Olsen, Gutierrez, Toliver, and Tober involved adult defendants, and that the issue of whether a minor may assert such a defense has not been directly addressed.[4] We find these distinctions unavailing.
Allowing a minor to raise the mistake-of-age defense to a section 288 charge would run contrary to the purpose of the statute, which is the protection of children under the age of 14. Such an exception would create a dangerous loophole in section 288's prohibition against sex with minors under 14. "[T]he prohibition on consent as a defense to a violation of section 288 is a categorical legal prohibition, in the nature of a salutary legal fiction, adopted for the protection of children under age 14." (In re Paul C., supra, *1632 221 Cal. App.3d at p. 51.) By enacting section 288, the Legislature has declared an outright ban against sexual contact with children under 14. Nothing in the language of the statute suggests that an exception should be allowed in situations where minors over the age of 14 violate its terms, albeit in good faith. "That an act is usually committed by adults against children, is made criminal for the protection of children, and requires a minor as a victim, does not mean that the act cannot be performed by a minor." (John L., supra, 209 Cal. App.3d 1137, 1140.)
Statutes such as section 288 necessarily involve line-drawing. The Legislature has decided that the age of 14 remains the appropriate line for demarcation. If the Legislature wishes to allow minors of similar age a defense of reasonable mistake of age, it may amend the statute accordingly.[5] (John L., supra, 209 Cal. App.3d 1137, 1141; In re Paul C., supra, 221 Cal. App.3d 43, 52.)

DISPOSITION
The judgment is affirmed.
Wiener, Acting P.J., and Nares, J., concurred.
NOTES
[1] All statutory references are to the Penal Code unless otherwise specified.
[2] When Hernandez was decided, statutory rape was defined in section 261, subdivision (1), which provided inter alia that: "Rape is an act of sexual intercourse accomplished with a female, under either of the following circumstances: 1. Where the female is under the age of eighteen years; ..." A 1970 amendment recodified subdivision (1) as section 261.5 (unlawful sexual intercourse). (Stats. 1970, ch. 1301, §§ 1 & 2, pp. 2405-2406.)
[3] Section 288, subdivision (a), provides: "Any person who shall willfully and lewdly commit any lewd or lascivious act ... upon or with the body ... of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of the child, shall be guilty of a felony...."
[4] Although the John L. court opined that a minor could not raise the mistake-of-age defense, resolution of that issue was not necessary to the outcome of the case. Mistake of age was never raised as a defense. John L. did not know the victim's age, only that she was two years behind him in school.
[5] Section 288 was amended by the Legislature in 1989. The Legislature is presumed to be aware that, prior to 1989, section 288 has been interpreted in a manner inconsistent with allowing like-aged minors a mistake-of-age defense. (John L., supra, 209 Cal. App.3d at p. 1141 (opining that a minor over the age of 14 cannot raise mistake-of-age defense); Planned Parenthood Affiliates v. Van de Kamp, supra, 181 Cal. App.3d 245, 276, fn. 14, and 280, fn. 16 (indicating that voluntary sexual contact between one minor under 14 and one over 14 would violate section 288).) Since the statute has not been altered by subsequent legislation, the Legislature has indicated its approval of these constructions. (Wilkoff v. Superior Ct. (1985) 38 Cal.3d 345, 353 [211 Cal. Rptr. 742, 696 P.2d 134].)