Eric Bowers appeals from the determination by the Greene County Juvenile Court that he was a delinquent child for the underlying violation of R.C. 2907.02(A)(1)(b).
At the adjudicatory hearing the parties stipulated to the following facts:
 1. The date of birth of Eric Bowers is February 1, 1982.
 2. The date of birth of Janet Noland is January 3, 1984.
 3. That there was sexual conduct between these two individuals in November, 1996, and that there was no force involved.
 4. The parties are half brother and sister. They share a common mother who is deceased.
 5. At the time frame involved, November, 1996, both children were in the custody of a custodian, not the natural father of either child.
 6. That the State has charged Eric Bowers with Rape pursuant to Revised Code Section 2907.02(A)(1)(b), which is a felony of the first degree to engage in sexual conduct with a person less than 13 years old. (Tr. 5).
The court found that Bowers committed the delinquent act and committed him to the custody of the Department of Youth Services for a minimum of one year with the commitment suspended on condition that the child undergo treatment at Lincoln Place Residential Center.
In his first assignment, appellant contends the court erred in considering police reports as evidence in the adjudicatory hearing. The magistrate stated in his report that he had reviewed the stipulations, the police reports in the case and the case law. The magistrate noted that the incident in this case was a culmination of several years of sexual activity by the juvenile with the victim. He noted the sexual activity started 4-5 years prior to the incident in question. The magistrate also noted that while the parties stipulated no force was involved in the incident giving rise to the complaint, "there are admissions by both parties that force had been used in the past . . ." No objections were filed in the magistrate's report and it was adopted and made an order of the court.
R.C. 2907.02(A)(1)(b) provides:
 (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies: * * *
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
The appellant's first assignment of error is overruled because the admission of the information in the police reports was harmless error. The stipulated facts established a violation of R.C. 2907.02(A)(1)(b). The appellant stipulated he had consensual sex with another not his spouse who was under thirteen at the time of the offense.
In his second assignment, appellant contends the trial court improperly interpreted R.C. 2907.02(A)(1)(b) to permit a minor to be adjudicated a delinquent child for the commission of this offense where the activity was consensual.
The Franklin County Court of Appeals has held that R.C.2907.02(A)(1)(b) may be applied to a juvenile boy, age 15, who engaged in consensual sex with an eleven year old girl. The court noted in the opinion:
 "The statute specifically identifies `all persons' as a class who are criminally liable under this provision. There are no exceptions. There is no indication considering the effective date of the statute as well as subsequent amendments at the General Assembly did not intend to prohibit such conduct. The offense is definitely stated, emphasizing the protection of the victim."
See, In the Matter of Brian Hamrick (Sept. 29, 1988), Franklin App. No. 87-AP-1154, unreported.
In 1994, the Williams County Court of Appeals relied uponHamrick in affirming a juvenile court's finding that a 13 year old boy could be found delinquent for violating R.C.2907.02(A)(1)(b) for engaging in sexual conduct with a nine year old boy. The court disagreed that the rape statute was meant only to prevent adults from taking sexual advantage of children. See,In the Matter of Daniel B. (April 15, 1994), Williams App. 93 WM 000016, unreported. See also, In the Matter of Leroy Brown, (May 31, 1995), Ross App. 94-CA-2056 unreported.
In 1996, the Butler County Court of Appeals held that a thirteen year old boy could be adjudicated delinquent for the underlying violation of rape pursuant to R.C. 2907.02 for having sexual conduct with his eight and nine year old sisters. See, Inre Randall Carter (March 11, 1996), Summit App. CA-9505-0087, unreported.
The Ohio Supreme Court held in the case of In re Washington
(1996), 75 Ohio St.3d 390 that a child under the age of fourteen is capable of committing rape and that there was sufficient evidence in the record to support the trial court's finding that an eight year old boy committed forcible rape in violation of R.C.2907.02(A)(1) by inserting his penis into the rectums of two eight year old girls. The court thus reinstated the delinquency finding of the Cuyahoga County Juvenile Court.
Certainly if the Ohio Supreme Court will permit pre-pubescent children to be found delinquent for rape, a post-pubescent male can be found delinquent for engaging in consensual sexual conduct with a pre-pubescent female.
Many courts have taken the position that a defendant minor can be prosecuted under a statute which prohibits sexual acts committed upon a minor under a specific age where the statutory language indicates general application to "any person." See cases cited at Annotation, Statutory Rape-Defendant Minor 18 ALR 5th 856.
The court in In Re John L (1989), 209 Cal.App.3d 1137,257 Cal.Rptr. 682, sustained an order declaring a 15 year old juvenile a ward of the court for committing lewd and lascivious acts upon a twelve year old girl. The court rejected defendant's policy argument that the statute should not be interpreted to include acts between children, noting such a limitation would essentially give minors license to sexually molest other minors. The court said that it would be contrary to the statute's intent to establish a policy that denies the statute's protection to the victim in order to protect the offender who happens to be a minor. The second assignment of error is overruled.
In his last assignment, appellant contends that R.C.2907.02(A)(1)(b) is vague and over broad as it lacks sufficient clarity to provide actual notice of the prohibited activity and permits arbitrary enforcement. The appellant does not explain in his brief how the statute is vague and over broad. The Franklin County Court of Appeals in Hamrick found the statute neither over broad or vague. See, Hamrick, supra, at page 2. We agree with that court's reasoning.
Appellant in his brief contends that adjudicating him delinquent under the facts of this case violates the underlying public policy of this State as expressed in R.C. Chapter 2151. We disagree. The Juvenile Court's action taken in this case provides appropriately for the care, protection and mental and physical development of the appellant, as well as protecting the public interest in removing the consequences of criminal behavior and the taint of criminal behavior from children committing delinquent acts and substituting a program of supervision, care, and rehabilitation. The appellant was not branded a felon. His conduct was highly inappropriate and he was found delinquent and ordered by the court to undergo treatment for his behavior. See, R.C. 2151.01(A) and (B).
Appellant also claims he was denied equal protection of the law by the rape statute's disparate treatment of him and his consenting "victim." We disagree. The Committee Comment to R.C.2907.02 explains why consensual sex with a pre-puberty victim is rape. The rationale is that the physical immaturity of a pre-puberty victim is not easily mistaken and engaging in sexual conduct with such a person indicates vicious behavior on the part of the offender. There is a rational basis for the State granting greater protection to a pre-puberty victim than to a post-puberty victim. The statute does not deny the appellant the equal protection of the law. The third assignment of error is overruled.
Judgment of the trial court is Affirmed.
WOLFF, J., and FAIN, J., concur.
Copies mailed to:
William F. Schenck
Robert K. Hendrix
Arthur L. Sidell, III
Hon. Robert Hutcheson