[No. B005836. Second Dist., Div. Seven. Nov. 9, 1984.]

In re OSCAR R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
OSCAR R., Defendant and Appellant.

## COUNSEL

Kelvin D. Filer, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Norman H. Sokolow and Andrew D. Amerson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**LILLIE, P. J.**—The minor appeals from order sustaining petition charging him with coming upon school grounds without lawful business and by his presence interfering with the peaceful conduct of, and disrupting, school activities by returning to the school 72 hours after having been previously

asked to leave, a misdemeanor (§ 626.8, subd. (a)(2), Pen. Code). The sole issue is the sufficiency of the evidence to support the order.

## I

### FACTS

Minor was a student at Grant High School; on February 27 he was placed on suspension for two days or until a parent conference took place. A Spanish speaking student, the minor was informed of the suspension by the dean of students, Alice Parrish, through the use of a bilingual translator; he was told that he was being suspended for drawing graffiti on the walls of the health office and for leaving that office without permission, and that he could return to school only if his parents accompanied him for a parent conference or if his parents contacted the school prior to his return, and that if he returned to school without a parent he would be arrested for trespassing. In addition, a letter written in Spanish was sent through the United States mail to the minor's home explaining the reason for and the conditions of his suspension. The minor personally was given a similar letter.

On February 29 the minor returned to school without his parents; Ms. Parrish saw him on the campus and told him to report to her office; the minor failed to do so, and she did not see him again that day.

The next day (Mar. 1) the minor a second time returned to school without his parents; he was brought to Ms. Parrish's office where she explained to him through a Spanish translator that he was still suspended and was not allowed on school grounds until his mother contacted the school, and if he returned again he would be arrested. The translator tried to call the minor's parents but there was no answer; he was told to sit in Ms. Parrish's office, but the minor left.

The following day (Mar. 2) the minor returned to the school a third time; Ricardo Gomez, a security aide at Grant High School, saw the minor on the campus during the nutrition break. Gomez contacted dean of students, Anthony Lovecchio, who verified that the minor was still on suspension status; both Parrish and Lovecchio responded to the security aide's call; Gomez escorted the minor to the security office. Gomez, Parrish and Lovecchio each left his patrol area unattended to deal with the minor. The minor was arrested by Keith Moore, a security agent, who also left his post.

The minor did not testify and offered no evidence on his behalf.

## II

### SUFFICIENCY OF THE EVIDENCE

■ Appellant's contention, that there is insufficient evidence to show that his presence on campus did "interfere with the peaceful conduct of the activities of the school or disrupt the school or its pupils or school activities . . ." (§ 626.8, subd. (a)(2), Pen. Code) because he committed no affirmative act of disturbance, is without merit. He does not challenge other elements of the offense.

■ The test on appeal is whether substantial evidence supports the conclusion of the trier of fact, not whether the evidence proves guilt beyond a reasonable doubt. The court must view the entire record in the light most favorable to the judgment (order) to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the minor guilty beyond a reasonable doubt. In making such a determination we must view the evidence in a light most favorable to respondent and presume in support of the judgment (order) the existence of every fact the trier could reasonably deduce from the evidence. (*People* v. *Johnson* (1980) 26 Cal.3d 557, 576, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]; *In re Roderick P.* (1972) 7 Cal.3d 801, 808-809 [103 Cal.Rptr. 425, 500 P.2d 1].) ■ With the foregoing rules in mind, we conclude that substantial evidence supports the order sustaining the petition, that is, that a reasonable trier of fact could find the minor guilty beyond a reasonable doubt.

Conceding that he "should not have been on the campus" appellant argues that there is nothing to indicate he was fighting or committed any criminal act or "wilfully" disturbed the school or refused to leave when requested by the security agent. The record is silent concerning whether a third time the minor was asked to leave, but it does establish that on the two days immediately preceding March 2 he came to the school without lawful business and was told not to return. In defiance of the terms of his suspension, which he well knew, he returned to school on February 29 and March 1, without scheduling a parent conference and without a parent. The first time, Ms. Parrish saw him and told him to report to her office, which he failed to do. The next day, March 1, he returned a second time, and Ms. Parrish explained to him he was still suspended and not allowed on school grounds until his mother contacted the school, and if he returned again he would be arrested. Ignoring her warning, the minor returned to school the next day, for a third time. The minor knew he had no right to be on campus; indeed, his return was "wilful." In fact, a stipulation was entered into that Ms. Parrish, as she testified, informed the minor the reasons for his suspension,

the length of time it was to last, and that he could not return to the school unless his parents came there with him for a parent conference, or his parents contacted the school; and that the minor was aware that he was suspended and was not to be at the school unless those conditions were met.

Inasmuch as the minor was on school property without lawful business and without permission, his presence there constituted a trespass. Originally the petition alleged in a second count that the minor committed a trespass in violation of section 602, subdivision (1), Penal Code. While it is true that this count was dismissed it is clear that it was dismissed, not on the merits, but because section 602, subdivision (1), Penal Code[1] is a general statute encompassing the same subject as section 626.8, subdivision (a)(2), Penal Code, a specific statute.[2] (See *People* v. *Jenkins* (1980) 28 Cal.3d 494, 505 [170 Cal.Rptr. 1, 620 P.2d 587].)

Section 626.8, subdivision (a) provides in pertinent part: "Any person who comes . . . upon any school ground . . . without lawful business thereon, and whose presence or acts interfere with the peaceful conduct of the activities of the school or disrupt the school or its pupils or school activities . . . is guilty of a misdemeanor if he . . . . [¶] (2) Reenters or comes upon such place within 72 hours of being asked to leave . . . ." Appellant's argument that his mere presence on the school grounds is not sufficient for a violation of the statute, and the evidence must show he engaged in some affirmative conduct such as fist fighting or rock throwing, ignores the plain language of the statute that he is guilty of a misdemeanor when his "*presence* or acts" interfere with the peaceful conduct of school activities or disrupt school activities. Affirmative acts of disturbance are not required. It is sufficient if the minor's presence on school grounds interfered with the peaceful conduct of or disturbed school activities. The juvenile court found on the evidence that the minor's presence on the school campus was disruptive of the peaceful conduct of the activities of the school in that the security aide and the two deans who were patrolling the thirty-four acres of land, were required to leave their security posts unattended for an appreciable time to deal with the minor. It also found "there is an unequivocal and clear violation" of section 626.8, subdivision (a)(2).

---

[1] Section 602, Penal Code provides: "Every person who willfully commits a trespass by any of the following acts is guilty of a misdemeanor [¶] . . . [¶] (1) Entering and occupying real property or structures of any kind without the consent of the owner, the owner's agent, or the person in lawful possession."

[2] At the adjudication hearing this was brought to the attention of the court by the prosecutor.

There is substantial evidence in the record before us to support the finding that the minor's presence on campus was disruptive of the peaceful conduct of school activities. Appellant's argument that because it was their duty to deal with persons like him there was no disruption of school activities of the security agents and deans, is specious in light of the evidence. Grant High School consists of 34 acres; 3,300 students are enrolled in the school; 3 deans and a part-time dean supervise the acreage and the students. At 10:15 a.m. Dean Parrish was at her supervision post, which required her to check the whole campus including bathrooms, lunch area and parking lot, when she was contacted by Gomez by walkie-talkie and informed of the minor's presence on campus necessitating her leaving her supervisory duties to go to her office; there was no one to take on her supervisory duties in her absence; because she had to return to her office her ordinary school duties and supervisory functions were interrupted and she had to leave her post unattended, and because of this she did not get to the bathrooms, or to the parking lots or the other areas on her supervision routes. At that time Dean Lovecchio and Keith Moore, a security agent, responded to the call and they too, had to leave their posts to deal with the situation; it was Keith Moore who arrested the minor. Dean Lovecchio also was on supervisory duty; when he received the call from Gomez, he had to leave his post and walk across campus to the security office; he had been checking bathrooms; he, Parrish and Gomez have to supervise the 3,300 students especially during nutrition and lunch for "all types of activities"; they "handle problems on campus, during lunch, brunch, any time during the school day and we deal with truancy, attendance problems, drug problems, fighting, anything to do with discipline." Ricardo Gomez, a security aide at the school, saw the minor in the lunch area during nutrition break; he knew the minor had been suspended and called the deans to verify he was still on suspension; Lovecchio responded and said he was on suspension, whereupon Gomez had to take the minor to the security office; this interfered with his normal duties specifically, he had to leave the area assigned to him unguarded; no one else was available to take on his duties at that time; he was gone approximately 20 minutes.

But for the minor's presence on campus, each of these three (Parrish, Lovecchio, Gomez) would have been engaged in his normal school security duties and activities. His presence at the school during the nutrition break interrupted the staff's ability to properly supervise and maintain campus security, a necessary school activity at Grant High School with its 34 acres and 3,300 students. Their normal activities relating to school security and school discipline of students rightfully on school grounds were interrupted, and for approximately 20 minutes their designated areas were unattended during the critical time of nutrition break in the lunch area.

## DISPOSITION

The order is affirmed.

Thompson, J., and Johnson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 27, 1985. Bird, C. J., was of the opinion that the petition should be granted.