[No. C005635. Third Dist. June 8, 1990.]

In re PAUL C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
PAUL C., Defendant and Appellant.

**[Opinion certified for partial publication.†]**

† Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts III through VI of the Discussion.

**COUNSEL**

Thea Offenbacher, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Shirley A. Nelson and Laura I. Heidt, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SIMS, Acting P. J.**—In this case arising out of proceedings conducted in the juvenile court pursuant to Welfare and Institutions Code section 602, we hold that a minor under age 14 may be adjudged responsible for

violating Penal Code sections 288, subdivision (a)[1] and 288a, subdivision (b)(1).[2] (Undesignated statutory references are to the Penal Code.)

The juvenile court sustained a petition charging 13-year-old Paul C. with committing a lewd or lascivious act on a child under 14 years of age (§ 288, subd. (a)) and participating in oral copulation with a person under the age of 18 (§ 288a, subd. (b)(1)).[3]

Paul appeals, contending (1) as a matter of law, a minor under age 14 cannot be a perpetrator of the adjudicated offenses; (2) the findings of the juvenile court are not supported by substantial evidence; (3) Paul's statements to investigating officers were improperly admitted; (4) evidence of the complainant's prior sex behavior was improperly excluded; (5) charging 2 offenses for the same act was duplicative; and (6) the offense should be reduced to a violation of section 272, contributing to the delinquency of a minor.

In this published portion of the opinion,[4] we consider and reject the minor's first two contentions. In an unpublished portion, we reject the minor's remaining contentions. We shall order that the Penal Code section number in the dispositional order be corrected and otherwise affirm the judgment.

## FACTS

In February 1988, Paul (then age thirteen) and complainant Darren L. (then age nine) were playing "ditch the cops" near the Rocklin railroad tracks with three other boys. During the course of the game, Paul told Darren to meet him behind some bushes. When Darren arrived there, Paul

---

[1] Penal Code section 288, subdivision (a) provides: "Any person who shall willfully and lewdly commit any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of the child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of three, six, or eight years."

[2] Section 288a, subdivision (b)(1) provides: "Except as provided in Section 288, any person who participates in an act of oral copulation with another person who is under 18 years of age shall be punished by imprisonment in the state prison, or in a county jail for a period of not more than one year."

[3] The order re: findings and disposition incorrectly states count II is a violation of section 288a, subdivision (b)(2), with a three-year term. Because that subdivision applies only to perpetrators over the age of 21, the trial court allowed the district attorney to amend the petition to allege a violation of section 288a, subdivision (b)(1), footnote 2, *ante*. The maximum penalty for such violation is one year. Therefore, the order must be corrected to reflect a violation of section 288a, subdivision (b)(1), with maximum penalty of one year.

[4] Pursuant to rule 976.1 of the California Rules of Court, all portions of this opinion shall be published except parts III through VI of the Discussion.

asked Darren to give him "head." Darren said, "no." Paul kept asking and at one point touched the back of Darren's head and pulled it forward a bit. Darren testified he finally got the courage to do it. He squatted slightly and sucked Paul's "ding dong," which was long and hard, for about a second. Darren then pulled his head away; as he walked off, Paul called him a whore.

On a later date, Paul and Darren were looking for a fishing spot. Paul cut his arm on a bush and asked Darren to help him. Darren refused, explaining to another boy, Guy H., his fear that Paul would "make him give head again." Guy reported this conversation to Darren's family.

When interviewed by investigating officers, Paul initially denied any sex act occurred but later admitted that he had placed his penis in Darren's mouth for two or three seconds before Darren pulled away.

Paul's mother testified she had instructed Paul on "good" and "bad" touches. Paul would have known it was bad to touch a younger child in a sexual manner or to force someone to touch him in a sexual manner.

### Discussion

### I

*A Minor Under Age 14 May Be Adjudged Responsible for Violating Sections 288, Subdivision (a) and 288a, Subdivision (b)(1).*

 Paul contends a minor under the age of 14 cannot be found responsible for violating section 288, subdivision (a) or section 288a, subdivision (b)(1), because there is no perpetrator for purposes of those sections where both parties are under 14. However, none of the cases he cites so holds.

*Planned Parenthood Affiliates* v. *Van de Kamp* (1986) 181 Cal.App.3d 245 [226 Cal.Rptr. 361] held the Child Abuse Reporting Act (§ 11165 et seq.) (Reporting Act), as then written, did not require health care, educational, and other professionals to report a minor as a child abuse victim solely because the minor was under the age of 14 and indicated that he or she had engaged in voluntary, consensual sexual activity with another minor of similar age. (*Id.* at p. 255.) *Planned Parenthood* is ambivalent on the question whether a minor under age 14 may be found responsible for violating section 288 or 288a. Thus, on the one hand, the court remarks: "It does not appear that a minor under 14 may be found delinquent for violating section 288" (*id.* at p. 274) and "a 13-year-old can generally only be a victim of section 288, not a perpetrator" (*id.* at p. 275). On the other hand, the

court notes: "We can conceive of a hypothetical, sexually sophisticated 13-year-old who abuses a much younger child with the requisite criminal intent to exploit his or her sexual naivete. Under these circumstances, section 26[5] may well invoke section 288 notwithstanding our foregoing analysis." (*Id.* at p. 276, fn. 14.) *Planned Parenthood* thus does not categorically preclude minors under age 14 from being held responsible for violations of section 288.

In *People* ex rel. *Eichenberger* v. *Stockton Pregnancy Control Medical Clinic, Inc.* (1988) 203 Cal.App.3d 225 [249 Cal.Rptr. 762], we held the Reporting Act does not require the reporting of voluntary sexual conduct between minors under age 14 where both are of a similar age but does require reporting of voluntary sexual conduct between a minor under age 14 and a person of disparate age. We noted the Legislature amended the Reporting Act after the opinion in *Planned Parenthood* became final and was therefore presumed to have approved that decision's interpretation of the Reporting Act. (*Id.* at p. 234.) As Presiding Justice Puglia made clear in his concurring opinion, we did not decide the question whether a minor under the age of 14 can be found responsible for violating section 288, since the Reporting Act does not concern itself with fixing such responsibility. (*Id.* at pp. 246-247 (conc. opn. of Puglia, P. J.).)

The third case cited by Paul, *In re John L.* (1989) 209 Cal.App.3d 1137 [257 Cal.Rptr. 682], affirmed a juvenile court's finding that a 15-year-old had violated section 288. The court noted the statute's unambiguous proscription of lewd acts by "any person" does not exclude minors. (*Id.* at pp. 1140-1141.) This hardly supports Paul's position. Paul cites this case for the court's comment that: "Whether the age of 14 remains the appropriate line of demarcation is for the Legislature to determine." (*Id.* at p. 1141.) This comment, however, referred to the appropriate line of demarcation for the victim, not the perpetrator.

Therefore, the question tendered by Paul has not been decided in prior cases. We conclude a minor under age 14 may be adjudged responsible for having committed the subject offenses upon clear proof of the minor's knowledge of wrongfulness as required by section 26.

Our conclusion is dictated by the analysis of our Supreme Court in *In re Gladys R.* (1970) 1 Cal.3d 855 [83 Cal.Rptr. 671, 464 P.2d 127]. There the court confronted the question whether a 12-year-old child could be declared

---

[5] Section 26 provides in part: "All persons are capable of committing crimes except those belonging to the following classes: [¶] One—Children under the age of 14, in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness."

a ward under Welfare and Institutions Code section 602 for violation of former section 647a (now § 676.6) which then provided in pertinent part, "*'Every person* who annoys or molests any child under the age of 18 is a vagrant . . . .'" (*Id*. at p. 867.) The court said, "Clearly, the words '[e]very person' include a minor as well as an adult. We believe, therefore, that a juvenile court may declare a juvenile to be a ward of the court under section 602 for an act violative of Penal Code section 647a." (*Ibid*.)

The same reasoning applies to the statutes at issue here, each of which prohibits "any person" from committing the described offense. (Fns. 1 & 2, *ante*.) There is no material difference between "every person" and "any person." The subject statutes thus unambiguously apply to minors under age 14. (See *In re Gladys R., supra*, 1 Cal.3d at p. 867; *In re John L., supra*, 209 Cal.App.3d at pp. 1140-1141; *In re James P*. (1981) 115 Cal.App.3d 681, 685 [171 Cal.Rptr. 466].)

*Gladys R*. also concluded section 26 applied to proceedings under Welfare and Institutions Code section 602, so "that in order to become a ward of the court . . . clear proof must show that a child under the age of 14 years at the time of committing the act appreciated its wrongfulness." (*Gladys R., supra*, 1 Cal.3d at p. 862.) "California . . . rebuttably presumes all minors under the age of 14 incapable of committing a crime, but does not totally exclude any child from criminal responsibility." (*Id*. at pp. 863-864; *Shortridge* v. *Municipal Court* (1984) 151 Cal.App.3d 611, 616-618 [198 Cal.Rptr. 749]; see generally Walkover, *The Infancy Defense in the New Juvenile Court* (1984) 31 UCLA L.Rev. 503.) ■ "Section 26 stands to protect . . . young people . . . from the harsh strictures of [Welfare and Institutions Code] section 602." (*Gladys R., supra*, at p. 867.)

■ Thus, under *Gladys R*., a minor under age 14 may be held responsible for conduct in violation of sections 288, subdivision (a) or 288a, subdivision (b)(1), provided the state clearly proves the minor knew the wrongfulness of his or her conduct as required by section 26. To the extent *Planned Parenthood Affiliates* v. *Van de Kamp, supra*, 181 Cal.App.3d 245 contains suggestions to the contrary, we must respectfully disagree with them.

In remarking, "Under a strict legal analysis, a 13-year-old can generally only be a victim of section 288, not a perpetrator," *Planned Parenthood* purported to distinguish *Gladys R*. on the ground that section 288 protects "a narrower class of younger minors on the specific and historical basis of legal incapacity to consent to sexual acts." (*Planned Parenthood, supra,* 181 Cal.App.3d at p. 275 & fn. 13.) The *Planned Parenthood* court cited *People* v. *Olsen* (1984) 36 Cal.3d 638 [205 Cal.Rptr. 492, 685 P.2d 52] as support

for its view that *"Gladys R.*'s holding does not apply broadly to all minors under 14 in the context of a prosecution for violation of section 288." (See *ibid.*) However, *Olsen* merely held that a reasonable mistake as to a minor victim's age is not a defense to a section 288 charge. *(Olsen, supra,* 36 Cal.3d at p. 647.) *Olsen* noted young children receive special protection when accused of a crime by virtue of section 26's rebuttable presumption of their incapacity to commit a crime. *(Ibid.)* "A fortiori, when the child is a victim, rather than an accused, similar 'special protection,' not given to older teenagers, should be afforded." *(Id.* at pp. 647-648.) This language in *Olsen* does not, as *Planned Parenthood* suggests, stand for the proposition a minor under age 14 cannot be "accused" of violating section 288 or 288a in a proceeding under Welfare and Institutions Code section 602.

*Planned Parenthood* suggests an under-14 minor cannot know of the wrongfulness of conduct violating section 288 because such a minor is legally incapable of consenting to an act violating section 288. *(Planned Parenthood, supra,* 181 Cal.App.3d at pp. 273-274.) However, the prohibition on consent as a defense to a violation of section 288 is a categorical legal prohibition, in the nature of a salutary legal fiction, adopted for the protection of children under age 14. (See *People v. Cicero* (1984) 157 Cal.App.3d 465, 482 [204 Cal.Rptr. 582].) The prohibition does not mean that such children are in fact incapable of understanding sexual conduct. (See *id.* at pp. 483-484.) Nor does the prohibition mean that minors under age 14 are incapable of knowing the wrongdoing of their sexual conduct. "A person under age 14 is not conclusively presumed incapable of committing a violation of Penal Code section 288. It is not all that unusual for mature children age 13 or younger sexually to molest children even younger than they knowing it is wrong to do so." *(People* ex rel. *Eichenberger v. Stockton Pregnancy Control Medical Clinic, Inc., supra,* 203 Cal.App.3d at p. 248 (conc. opn. of Puglia, P. J.).) ▇ "That an act is usually committed by adults against children, is made criminal for the protection of children, and requires a minor as victim, does not mean that the act cannot be performed by a minor." *(In re John L., supra,* 209 Cal.App.3d at p. 1140, citing *In re James P., supra,* 115 Cal.App.3d at p. 686.)

*Planned Parenthood* also found no reported cases holding minors under age 14 delinquent for violation of section 288. (181 Cal.App.3d at pp. 273-274.) However, while we think the dearth of direct authority may be useful as a reflection of prudent prosecutorial discretion, it is not useful as tending to state a rule of law. The dearth means simply that cases involving the violation of section 288 by minors under age 14 have not been decided by the appellate courts in published opinions.

Our conclusion does not mean that children who innocently play doctor may be held responsible for violating section 288. Responsibility depends on

proof of the requisite mental state under section 26, along with evidence of criminal intent under the charged offense. ■ Thus, adjudication of a petition charging a minor under age 14 with violating section 288, subdivision (a) requires proof of lewd and lascivious intent plus knowledge of the conduct's wrongfulness. In any event, " . . . if the Legislature wishes to exempt voluntary sexual conduct of like-aged minors from the ambit of section 288, subdivision (a), it may amend the statute to say so." (*In re John L., supra*, 209 Cal.App.3d at p. 1141.)

## II

*Substantial Evidence Supports the Findings of the Juvenile Court.*

Paul contends the findings of the juvenile court are not supported by substantial evidence.

A. *Substantial evidence shows Paul knew the wrongfulness of his conduct.*

■ Paul first asserts the prosecution failed to prove he knew the wrongfulness of his conduct, as required by section 26.

■ "The test on appeal is whether substantial evidence supports the conclusion of the trier of fact, not whether the evidence proves guilt beyond a reasonable doubt. The court must view the entire record in the light most favorable to the judgment (order) to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the minor guilty beyond a reasonable doubt. In making such a determination we must view the evidence in a light most favorable to respondent and presume in support of the judgment (order) the existence of every fact the trier could reasonably deduce from the evidence. (*People* v. *Johnson* (1980) 26 Cal.3d 557, 576, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]; *In re Roderick P.* (1972) 7 Cal.3d 801, 808-809 [103 Cal.Rptr. 425, 500 P.2d 1].)" (*In re Oscar R.* (1984) 161 Cal.App.3d 770, 773 [207 Cal.Rptr. 789].)

■ In determining whether a minor would be capable of committing a crime under section 26, the juvenile court must consider the child's age, experience, and understanding. (*In re Gladys R., supra,* 1 Cal.3d at p. 864.) A minor's knowledge of his act's wrongfulness may be inferred from the circumstances, such as the method of its commission or its concealment. (*In re Tony C.* (1978) 21 Cal.3d 888, 900 [148 Cal.Rptr. 366, 582 P.2d 957].)

■ Applying these principles to this case, we conclude substantial evidence supports the juvenile court's implied finding that Paul knew the wrongfulness of his conduct.

First, Paul was 13 years and 4 months old at the time of the offense. "[I]t is only reasonable to expect that generally the older a child gets and the closer [he] approaches the age of 14, the more likely it is that [he] appreciates the wrongfulness of [his] acts." (*In re Cindy E.* (1978) 83 Cal.App.3d 393, 399 [147 Cal.Rptr. 812]; see also *In re Nirran W.* (1989) 207 Cal.App.3d 1157, 1161 [255 Cal.Rptr. 327].)

Second, Paul's mother testified she had told him before the offense that touching younger persons in a sexual manner was "a bad thing to do." She also testified he knew at the time of the offense that forcing others to touch him sexually was a bad thing. She specifically remembered talking to Paul about these things in 1983 when she heard that a boy her family knew had been molesting a little girl. He also learned the wrongfulness of forcing sex from the news media on television and at school.

We disagree with Paul's contention that knowledge of wrongfulness of *forcing* sex is irrelevant to show knowledge of wrongfulness of *asking* for sex. Although force is not an element of either charged offense, the investigating officers testified Paul acknowledged he pressed down on Darren's shoulder and that nine-year-old Darren may have felt intimidated.[6] Thus, the testimony of Paul's mother provides substantial evidence that Paul knew the wrongfulness of his conduct. (*In re Richard T.* (1985) 175 Cal.App.3d 248, 254 [220 Cal.Rptr. 573].)

Finally, knowledge can be inferred from the circumstances. Paul asked Darren to meet him behind the bushes, indicating an awareness that "he had to accomplish his intended deed in private in order to minimize the risk of detection and punishment." (*In re Tony C., supra*, 21 Cal.3d at p. 901.) Later, when questioned by the officers, Paul initially denied the act of oral copulation had occurred, then admitted it but attempted to minimize it by stating he had not forced Darren but had only applied slight pressure to Darren's shoulder. These circumstances support the inference Paul knew the wrongfulness of his conduct.

Paul argues that two written psychological evaluations show he did not appreciate the wrongfulness of his conduct. However, we need not address the contents of the reports, because the record discloses the reports were not considered by the court until after the jurisdictional hearing and then only to aid the court's disposition of the matter.

---

[6] Officer Eaton testified he spoke with Paul about the wrongfulness of such conduct while interviewing Paul in connection with an unrelated charge. Paul challenges this evidence as nondispositive. The People do not rely on Officer Eaton's testimony, because it is unclear from the record whether this conversation with Paul took place before the instant offense.

Substantial evidence supports the juvenile court's implied finding that Paul knew the wrongfulness of his conduct.

B. *Substantial evidence shows Paul had the requisite criminal intent under subdivision (a) of section 288.*

 Paul contends there was insufficient evidence of criminal intent under section 288, subdivision (a).

██ The criminal intent required to prove a violation of section 288 is "the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires" of perpetrator or victim.[7] The intent with which the act is done is manifested by the circumstances under which the act is committed. (§ 21.) Each case involving a lewd act must be decided on its own facts. (*People v. Hobbs* (1952) 109 Cal.App.2d 189, 192 [240 P.2d 411].) For example, in *People v. O'Tremba* (1970) 4 Cal.App.3d 524 [84 Cal.Rptr. 336], a witness's observation of the defendant resting his face in the victim's bare crotch constituted a prima facie showing of the requisite intent. (*Id.* at pp. 526-528.)

Here, Darren's testimony that Paul had an erection is substantial evidence of Paul's lewd or lascivious intent.

Paul challenges the accuracy of Darren's perceptions. However, " ' "To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. [Citations.]" ' " (*People v. Allen* (1985) 165 Cal.App.3d 616, 623 [211 Cal.Rptr. 837].) Nothing in the record before us establishes that Darren's testimony was either inherently improbable or factually impossible.

The record shows substantial evidence of intent.

III-VI*

. . . . . . . . . . . . . . . . . . .

---

[7] No specific intent is required under section 288a. (*People v. Thornton* (1974) 11 Cal.3d 738, 765 [114 Cal.Rptr. 467, 523 P.2d 267]; *People v. Brocklehurst* (1971) 14 Cal.App.3d 473, 476 [92 Cal.Rptr. 340].)
 * See footnote, *ante,* page 43.

## Disposition

The juvenile court shall correct the order re: findings and disposition to reflect an adjudication for violation of section 288a, subdivision (b)(1), with a maximum penalty of one year, on count II. As corrected the judgment (order) is affirmed.

Marler, J., and Davis, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 19, 1990.