George A. CASILLAS, Petitioner—Appellant,

v.

WARDEN, OF THE CALIFORNIA STATE PRISON AT AVENAL, CALIFORNIA; People of the State of California, by the Attorney General of California, Respondents—Appellees.

No. 02–56444.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2003.

Decided Sept. 2, 2003.

Roger S. Hanson, Esq., Santa Ana, CA, for Petitioner–Appellant.

Donald E. Denicola, Carol F. Jorstad, DAG, Office of the California Attorney General (LA), Los Angeles, CA, for Respondents–Appellees.

Before: NOONAN, TALLMAN, and RAWLINSON, Circuit Judges.

MEMORANDUM *

George Casillas appeals the district court's denial of his petition for habeas corpus. We affirm the judgement of the district court.

Because Casillas's petition was filed after April 24, 1996, the amendments to 28 U.S.C. § 2254 under the Antiterrorism and Effective Death Penalty Act apply. *Alcala v. Woodford*, 334 F.3d 862, 868 (9th Cir. 2003).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The due process clause of the fourteenth amendment requires the prosecution to prove beyond a reasonable doubt every element of a charged offense. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Carella v. California*, 491 U.S. 263, 265, 109 S.Ct. 2419, 105 L.Ed.2d 218 (1989). The constitution does not require specific words to be used in jury instructions, but does require the instructions as a whole to correctly convey the concept of reasonable doubt to the jury. *Victor v. Nebraska*, 511 U.S. 1, 5, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994). "The constitutional question is whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the *Winship* standard." *Id.* at 6.

The jury instructions in this case were misleading. Given the inclusion of CALJIC 2.50.01 and 2.50.1, the latter which the state court found should no longer be given, and the lack of further instructions on the sufficiency of circumstantial evidence to prove specific intent, the jury could have been confused on the burden required for the specific intent element. Counsels' arguments and questions asked on juror questionnaires do not suffice to meet the *Winship* standard. The state court, thus, unreasonably applied clearly established Supreme Court precedent by giving the flawed instructions.

Harmless error analysis applies, however, as the erroneous instructions did not affect the basic elements of the trial. *Brecht v. Abrahamson*, 507 U.S. 619, 629–30, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Neder v. United States*, 527 U.S. 1, 9–10, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). Even if none of the testimony of Casillas's prior allegedly lewd acts had been admitted, Casillas could have been convicted based on the testimony of Jane L. alone. Jane L. testified to three separate instances. On the first, Casillas rubbed his erect penis against her as he reached to adjust the x-ray machine. On the second, she moved her hand away from where he had pressed his erect penis and told her, "you can leave your hand there if you want." On the third, Casillas's zipper and lab coat were open, exposing his penis to her, and he touched her hand with his penis.

The testimony given for the charged acts, by itself, is sufficient to show the specific intent required for a conviction under California Penal Code § 288(a), particularly as evidence of an erection has been found to be substantial evidence of specific intent under § 288(a). *See In re Paul C.*, 221 Cal.App.3d 43, 54, 270 Cal. Rptr. 369 (1990). As any error resulting from the erroneous jury instructions was harmless, the district court's denial of habeas corpus is

AFFIRMED.