Filed 6/24/15  In re L.B. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re L.B., a Person Coming Under the Juvenile Court Law. | C075558 |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>  v.<br><br>L.B.,<br><br>     Defendant and Appellant. | (Super. Ct. No. JV135572) |

The minor, L.B., appeals the true finding that she concealed stolen property.  She claims there is insufficient evidence to support the true finding, because the cell phone was not stolen when she received it and she returned it the following day, upon request. We affirm the juvenile court's order.

1

FACTUAL BACKGROUND[1]

On October 7, 2013, James B., a ninth grade student at San Juan High School was in the after school program, playing on the computer. His friend, Daniel B., asked to borrow his cell phone and James gave it to him. Sometime later, Daniel told James, "I think someone took your phone." He went on to say he had given the phone to the minor. The minor approached James and told him she gave the phone to someone else. James never gave the minor permission to take or have his phone.

James contacted the school security officer, Ed Sheehan, about his missing phone. James gave the officer the names of several students who might be involved. Officer Sheehan spoke to the students. One of the students told him that Daniel gave the phone to her and she gave it to the minor.

Officer Sheehan advised Citrus Heights Police Officer Dwight Turner, the school resource officer, about the theft of the phone. Officer Turner spoke to several students. He was told the phone was passed around a few times. The minor told Officer Turner she did not have the phone. She claimed she gave it to another student. She did not know the student's name nor could she describe or identify the student. She admitted she knew the person she gave the phone to was not the owner. Sheehan and Officer Turner spoke with several other students and learned the minor had the phone hidden on her person. When Officer Turner informed the minor he intended to get a female officer to conduct a thorough search of her person, the minor admitted she had the phone hidden in her pants. Officer Turner left the room, and, when he came back, the phone was on his desk. He contacted James and returned the phone to him.

---

[1] As the claim on appeal involves only count three, concealing stolen property, only the facts relevant to that charge are recounted.

PROCEDURAL HISTORY

A juvenile wardship petition alleged the minor came within the provisions of Welfare & Institutions Code section 602, having committed three thefts (Pen. Code, § 484, subd. (a) -- counts one, two & four)[2] and receiving, concealing, and withholding stolen property (§ 496, subd. (a) -- counts three & five).  The juvenile court found counts one, three, and four proven beyond a reasonable doubt, count five not true, and count two was dismissed in the interest of justice.

The juvenile court adjudged the minor a ward of the court and committed her to juvenile hall for 41 days, with 41 days of custody credit.  The juvenile court released the minor to the care and custody of her mother, under the supervision of the probation officer.  The juvenile court placed her on probation with various terms and conditions.

DISCUSSION

The minor contends there was insufficient evidence to support the finding as to count three that she concealed stolen property.  She contends the cell phone was not stolen when she received it and she returned it the next day upon request.

On appeal, "the court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence -- that is, evidence which is reasonable, credible, and of solid value -- such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt."  (*People v. Johnson* (1980) 26 Cal.3d 557, 578; *In re Oscar R.* (1984) 161 Cal.App.3d 770, 773.)  Substantial evidence includes circumstantial evidence and the reasonable inferences flowing therefrom.  (*In re James D.* (1981) 116 Cal.App.3d 810, 813.)

"A conviction for receiving stolen property cannot withstand appellate scrutiny unless substantial evidence was presented to the trier of fact that (1) the property was

---

[2]     Undesignated statutory references are to the Penal Code.

3

received, concealed, or withheld by the accused; (2) such property had been obtained by theft or extortion; and (3) the accused knew that the property had been so obtained. [Citation.]" (*People v. Kunkin* (1973) 9 Cal.3d 245, 249.) "[E]ven though a person is not aware that property is stolen when he first comes into possession of it, if he subsequently learns of its stolen nature and then conceals or withholds it from its true owner, he is guilty of a violation of section 496 . . . . [Citations.] It is also the law that the requisite guilty knowledge can be inferred from circumstantial evidence. [Citation.]" (*People v. Scaggs* (1957) 153 Cal.App.2d 339, 352.) " '[T]he fact that the defendant stole the property no longer bars a conviction for receiving, concealing or withholding the same property.' (*People v. Strong* (1994) 30 Cal.App.4th 366, 373.)" (*People v. Allen* (1999) 21 Cal.4th 846, 857; § 496, subd. (a).) Concealing stolen property "consists of the act of intentionally secreting stolen property in violation of the affirmative duty to return it -- or at least to disclose its whereabouts -- to its rightful owner." (*Williams v. Superior Court* (1978) 81 Cal.App.3d 330, 343-344; see also *People v. Grant* (2003) 113 Cal.App.4th 579, 595.)

Juvenile court proceedings are subject to the same standards. (*In re Babak S.* (1993) 18 Cal.App.4th 1077, 1088-1089.)

The minor argues that she "did not intentionally hide stolen property in violation of an affirmative duty to return it [because] she voluntarily alerted James to the fact that she mistakenly returned the phone to the wrong person [and] when Officer Turner asked her to return the phone, she readily retrieved it from her pants." The minor's argument is no more than an attempt to recharacterize the evidence and draw inferences in her own favor. Viewing the evidence in the light most favorable to the judgment, as we must, the evidence supports the true finding.

The minor knew James's phone was missing, and she lied about whether she had it, claiming she had given it to someone else. The court could reasonably infer from her possession of the phone when approached by Officer Turner that, after she obtained

4

possession of the phone, she never gave the phone to anyone else. She did not return it to the wrong person, as she claimed. (See *People v. Larke* (1966) 246 Cal.App.2d 571, 575-576 [knowledge property stolen inferred from false statements about how property obtained, or, as here, retained].) In possession of the phone, she concealed it in her pants rather than giving it to the rightful owner. (See *People v. Taylor* (1969) 2 Cal.App.3d 979, 983 [knowledge property stolen reasonably inferred from actions to conceal possession of property].) These circumstances support an inference that she knew the phone was stolen.

That she eventually gave the phone to Officer Turner does not negate the fact that, before giving it back, she had kept it for some time and concealed it in her pants to keep possession, even when Officer Turner initially asked her about the phone. Her return of the phone came only after she realized that she was caught red-handed. In other words, before finally giving the phone to Officer Turner, she intentionally secreted the stolen phone in violation of her affirmative duty to return the phone or disclose its presence. This evidence supported the true finding that she concealed stolen property as alleged in count three. (See *Williams v. Superior Court, supra,* 81 Cal.App.3d at pp. 343-344.)

DISPOSITION

The order of the juvenile court is affirmed.


      NICHOLSON      , Acting P. J.


We concur:



      MAURO          , J.



      HOCH          , J.


5