Filed 9/16/24  In re D.H. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re D.H., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B330685 (Super. Ct. No. YJ40856) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>D.H.,<br><br>    Defendant and Appellant. | |

D.H. appeals the juvenile court's order of home probation, which was based on a finding appellant violated Penal Code section 215, subdivision (a) (carjacking).  Appellant contends: (1) the evidence did not support the court's finding that he understood the wrongfulness of his conduct; and (2) the court erred by including a maximum term of confinement in the dispositional hearing's minute order.  We will affirm with

direction for the court to delete that minute order's references to a maximum term of confinement.

FACTUAL AND PROCEDURAL BACKGROUND

Early one afternoon, Jessica Santos parked her BMW in a shopping center parking lot. When she turned around after exiting her car, she saw a male pointing a gun at her. The male was later identified as appellant. He was standing about two or three feet away from Santos. He was wearing a face mask and a hoodie. He screamed at Santos to give him the car keys. Out of shock, Santos initially did not react, but she ultimately gave him her keys.

Santos saw another male standing about five to nine feet away from appellant. After giving appellant her keys, the other male demanded Santos' bag. She said no, but the other male pulled it. Santos pulled back and ran. She turned back and saw the males inside her car. One appeared to be 15 years old or younger, while the other looked a little bit older—perhaps 16 years old. Appellant was just under 13 years, 6 months old at the time. A detective who reviewed video surveillance of the area testified that appellant and the other male targeted Santos.

Appellant's mother testified she taught appellant the difference between right and wrong and that he "knows the difference . . . ." According to her, appellant knew better than "to take things from people." Appellant's mother acknowledged issues with appellant running away and being influenced by others. She had filed missing persons reports. She described him as "out of control."

The court found true the carjacking allegation. It ordered home probation, including a period of house arrest under the Community Detention Program. The court did not set a

2

maximum term of confinement at the disposition hearing, but the minute order includes that term and its calculation.

DISCUSSION

*Understanding of Conduct's Wrongfulness*

Appellant contends the evidence was insufficient to support a finding that he understood the wrongfulness of his conduct. We disagree.

"Penal Code section 26 articulates a presumption that a minor under the age of 14 is incapable of committing a crime." (*In re Manuel L.* (1994) 7 Cal.4th 229, 231.) To overcome this presumption, the People "must prove by clear and convincing evidence that the minor appreciated the wrongfulness of the charged conduct at the time it was committed." (*Id.* at p. 232.)

"In determining whether the minor knows of the wrongfulness of his conduct, the court must often rely on circumstantial evidence such as the minor's age, experience, and understanding, as well as the circumstances of the offense, including its method of commission and concealment." (*In re James B.* (2003) 109 Cal.App.4th 862, 872.) Generally, "'it is only reasonable to expect'" that as children approach the age of 14, they are more likely to understand the wrongfulness of their acts. (*People v. Lewis* (2001) 26 Cal.4th 334, 378.)

"We review the whole record most favorably to the judgment to determine whether there is substantial evidence— that is, evidence that is reasonable, credible, and of solid value— from which a reasonable trier of fact could have made the requisite finding under the governing standard of proof." (*In re Jerry M.* (1997) 59 Cal.App.4th 289, 298.)

Substantial evidence supports the juvenile court's conclusion that appellant understood his conduct's wrongfulness.

3

Appellant's mother testified she taught him the difference between right and wrong, which he knew. She also stated appellant knew better than to take things from others. While the court apparently based its decision on the probative testimony of appellant's mother, our review is not limited to the court's stated rationale. (Cf. *In re Paul C.* (1990) 221 Cal.App.3d 43, 52-54 [reviewing implied finding minor knew wrongfulness of conduct].) Appellant was also about six months away from turning 14 at the time of the carjacking. The circumstances of the offense show preparation and coordination. Appellant's face mask evinces a desire to conceal.

*Maximum Term of Confinement*

Appellant claims the minute order of the disposition hearing improperly included a maximum term of confinement. The People agree, as do we. The court did not establish a maximum term of confinement in its oral pronouncement of judgment. "'Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls.'" (*People v. Costella* (2017) 11 Cal.App.5th 1, 10.) Setting a maximum term of confinement would be improper where, as here, the court does not remove the minor from his parent's physical custody. (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 541.) Therefore, we will direct the juvenile court to delete references to a maximum term of confinement in the minute order of the dispositional hearing.

DISPOSITION

The juvenile court is directed to amend the July 25, 2023 minute order to delete references to a maximum term of confinement. In all other respects, the judgment is affirmed.

4

NOT TO BE PUBLISHED.

CODY, J.

We concur:

YEGAN, Acting P. J.

BALTODANO, J.

Sabina A. Helton, Judge
Superior Court County of Los Angeles

_____

Sarah M. Javaheri, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, David A. Voet, Deputy Attorney General, for Plaintiff and Respondent.