[No. G041327. Fourth Dist., Div. Three. Feb. 10, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
EFRAIN NEGRETE PAZ, Defendant and Appellant.

1414

COUNSEL

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Scott C. Taylor and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BEDSWORTH, J.**—We deal here with a previously unreported variation on the theme of *People v. Mijares* (1971) 6 Cal.3d 415 [99 Cal.Rptr. 139,

491 P.2d 1115] (*Mijares*), that, under certain limited circumstances, momentary possession of contraband is not legally culpable. While we are confronted with the always disconcerting pageant of both parties relying on the same language from the same cases to arrive at conclusions that are polar opposites, we conclude the Attorney General's reading of the cases more closely comports with California law. We therefore hold a defendant who disposes of contraband not out of scruple, but because of the threat of bodily harm or police apprehension, cannot invoke *Mijares*.

## STATEMENT OF FACTS

Since the issue in this case is so narrowly defined, the facts necessary to its determination can be quickly related. Appellant Efrain Negrete Paz and Jose Salazar got into an argument involving territorial claims of Paz's gang. Essentially, Salazar testified Paz was mouthy and belligerent so he punched him and a fight ensued.

During the battle, Paz threatened that his "homies" were going to come and help him "kick [Salazar's] ass." Salazar yelled to his girlfriend to call 911, then clamped a chokehold on Paz, who responded by throwing a round metal item under a nearby car. When Salazar let go, Paz left the scene.

Police arrived, and Salazar pointed out the object under the car. Retrieved by police, it turned out to be an Altoids tin containing two empty baggies and one with 13.5 grams of methamphetamine. A search warrant was obtained and executed at appellant's home, where a baggie containing 1.12 grams of methamphetamine was found.

Appellant's explanation for all this was that in fact he had been negotiating to *buy* methamphetamine from Salazar, then changed his mind and stole it from him instead, only to have Salazar catch him and wrestle with him to retrieve the drugs. When Salazar put a chokehold on him, Paz threw the tin down on the street, and when Salazar let go of him, he fled because he was on parole. He said the methamphetamine found in his home belonged to his brother Eddie.

Appellant was charged with possession of methamphetamine for sale (Health & Saf. Code, § 11378) (the Altoids tin) simple possession of methamphetamine (Health & Saf. Code, § 11377) (the baggie at his home), and active participation in a criminal street gang (Pen. Code, § 186.22, subd. (a)). He was convicted of all three offenses, two prior prison term allegations were found to be true, and he was sentenced to imprisonment for a term of five years eight months.

## DISCUSSION

Paz's appeal is based upon his contention the jury was inadequately instructed. He feels the trial court should have instructed the jury, sua sponte, on the legal principle that "transitory possession" is insufficient to establish legally culpable possession of a controlled substance. He contends that since he had the Altoids tin only moments before it was thrown under the car, the jury should have been told that such transitory possession would not constitute a criminal offense. We are convinced this is not the law.

■ In *Mijares, supra,* 6 Cal.3d 415, the California Supreme Court "held that, under limited circumstances, momentary or transitory possession of an unlawful narcotic for the sole purpose of disposing of it can constitute a defense to a charge of criminal possession of the controlled substance." (*People v. Martin* (2001) 25 Cal.4th 1180, 1182 [108 Cal.Rptr.2d 599, 25 P.3d 1081].) A long line of cases has since recognized this defense (but see *People v. Martin, supra,* 25 Cal.4th at p. 1193 (conc. opn. of Kennard, J.) [questioning whether the issue should be treated as a defense or merely a failure to prove up the elements of the charge]). Not surprisingly, most of them have dealt with situations very much like the one in *Mijares,* in which the charged possessor had taken the drugs from a friend merely to throw them out the window of a car, thus disposing of them. In situations such as that, there seems to be a consensus that the conduct is not legally culpable.

Paz attempts to apply the *Mijares* rule to his case. He contends that he had only momentary possession of the methamphetamine in question and not only *intended* to dispose of it, but *did so*—he threw it under a car. Nonetheless, we conclude he was not entitled to a *Mijares* instruction.

Unspoken in the cases dealing with the *Mijares* rule—because it appears never to have come up—is the requirement the disposal be voluntary. *Martin* approaches that issue, but doesn't really make it part of the holding. There the defendant was arrested after an altercation, and a bindle of methamphetamine was found in his pocket upon booking. Defense sought to establish that his girlfriend had given it to him for the purpose of disposal, so her teenaged son would not use it. The trial court refused to give the instruction and Martin appealed, insisting he was entitled to have the jury consider that issue.

The California Supreme Court found that the possession was not "transitory" (Martin had the methamphetamine in his pocket for something approaching four hours) but more important for our purposes, they pointed out, "there is nothing in the record from which to infer that defendant would have voluntarily relinquished possession of the drugs were it not for the search

conducted incident to his arrest and booking that led to recovery of the methamphetamine bindle." (*People v. Martin, supra,* 25 Cal.4th at p. 1193.) We believe the same can be said of Paz's possession in this case.

Paz abandoned the drugs only when Salazar put a chokehold on him and told his girlfriend to call the police. There is nothing in Paz's testimony or that of his witnesses to suggest he tossed the Altoids tin for any reason other than to avoid strangulation or arrest. We see no reason that should be a basis for exoneration any more than it would be if a mugger, chased by police into a cul-de-sac, threw down the victim's wallet.

Nor can it accurately be said that Paz possessed the drugs to dispose of them. "Following the *Mijares* decision, the instruction has been refused in a number of cases because the evidence did not show the defendant possessed the evidence for the purpose of disposal . . . ." (*People v. Sullivan* (1989) 215 Cal.App.3d 1446, 1451 [264 Cal.Rptr. 284].) That distinction applies here. Paz did not possess the methamphetamine because he was trying to dispose of it. He came into its possession by stealing it from Salazar. By all appearances, he possessed it with every intention of keeping it for himself. He abandoned it only when Salazar put a chokehold on him and told his girlfriend to call 911. There was never any evidence offered from which the jury could have inferred that Paz had possessed the methamphetamine only to dispose of it.

■ If, as case law makes clear, "[r]ecognition of the 'momentary possession' defense serves the purpose of encouraging disposal and discouraging retention of dangerous items such as controlled substances and firearms" (*People v. Hurtado* (1996) 47 Cal.App.4th 805, 814 [54 Cal.Rptr.2d 853]), instruction on it is mandatory only if there is some basis upon which the jury could find that possession was for the purpose of disposal, abandonment, or destruction. Here there was none.

■ Paz seizes on language from cases that he believes establish the law does "not require that the sole purpose was disposal." He insists that, "The gravamen of the defense is the length of time the item is possessed, not the mental state of the defendant." But we disagree. No case that we have found suggests that transitory possession cannot be punished on the basis of its brevity alone. A purchaser of drugs can be arrested for possession the moment he takes delivery, no matter "the length of time the item is possessed."

■ We thus conclude Paz was not entitled to the instruction, both because there was nothing in the record to support a jury's conclusion he possessed the drug only to dispose of it and because his abandonment of the

drug was not voluntary. We would not further the purpose of encouraging disposal of dangerous substances by allowing exoneration of someone who abandons them only because the alternatives to abandonment are arrest or strangulation.

The judgment is affirmed.

Rylaarsdam, Acting P. J., and Fybel, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 20, 2010, S180476.